[Crim. No. 408.   In Bank.—November 19, 1898.]

## THE PEOPLE, Respondent, v. T. M. GLEASON, Appellant.

CRIMINAL LAW—GOOD CHARACTER OF DEFENDANT—PRESUMPTION.—The law presumes that a defendant on trial for an offense has a fair character, and, in the absence of evidence on that subject, he is entitled to the benefit of such presumption, and is not required to offer witnesses in support of his character, but has the right to have the jury, in considering the evidence before them, assume that his character was unimpeached.

ID.—ERRONEOUS INSTRUCTION AS TO DEFENDANT'S CHARACTER.—An instruction to the jury "that the people are not permitted to assail the character of the defendant on trial in a criminal case, until the defendant has himself put his character in issue by calling witnesses and offering evidence in its support," is erroneous in suggesting to the jury the possibility that his character was not good, and that the presumption in his favor might have been overcome but for his failure to support it by evidence, and also in presenting to the jury a rule for the admissibility of evidence which was for the court to determine, and was not proper for the guidance of the jury, and was further an abstract rule of law, which had no application to any evidence before the jury, and which tended to confuse and mislead them.

ID.—IMPEACHMENT OF DEFENDANT AS A WITNESS.—When the defendant offers himself as a witness in his own behalf, it is competent for the prosecution to impeach his credibility as a witness by the same means by which it would impeach the credibility of any other witness; but, if no attack is made upon his credibility, he stands before the jury in the same light as any other unimpeached witness.

ID.—HOMICIDE—EVIDENCE—MOTIVE OF DEFENDANT IN CARRYING PISTOL—CONTRADICTORY STATEMENT.—After a defendant accused of murder had testified in his own behalf that the pistol with which he shot the deceased was obtained merely to be put away, it was competent for the prosecution, upon cross-examination, to show what he did with the pistol, and also, after laying a proper foundation therefor upon cross-examination, to prove in rebuttal a statement made by him to a witness in contradiction of his evidence, to the effect that pistol was what he went "heeled with for those fellows" that were "after him." The presence or absence of the deceased at the time of such remark is immaterial, it not being offered for the purpose of showing a threat against the deceased, but to impeach his evidence as to his purpose in getting the pistol.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

A. J. Bledsoe, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

HARRISON, J.—The defendant was convicted of murder in the first degree for having shot and killed one Cotton in the town of Bakersfield, and, having been sentenced to state prison for the term of his natural life, has appealed to this court.

In its instructions to the jury the court gave the following instruction at the request of the prosecution: "You are instructed that the people are not permitted to assail the character of a defendant on trial in a criminal case until the defendant has himself put his character in issue by calling witnesses and offering evidence in its support; and, unless put in issue by the defendant, the people can in no way attack his character."

The object of the prosecution in asking this instruction is not apparent. The evident effect of the instruction was, however, to suggest to the jury that, if the prosecution had had an opportunity to do so, they might possibly have shown that the defendant was not a man of good character, and to excuse their failure to make such showing upon the ground that he had not offered evidence in support of his character. The law assumes that a defendant who is upon trial for an offense has a fair character, and, unless evidence to the contrary is given to the jury, he is entitled to the benefit of this presumption in their consideration of the weight to be given to the testimony bearing upon his guilt. In the present case, there was no evidence at the trial in reference to the character of the defendant, and he had the right to have the jury, in considering the evidence before them, assume that his character was unimpeached. He was not required to offer witnesses in support of his character, but had the right to rely upon the above presumption, and it was error for the court to suggest to the jury the possibility that his character was not good, and give them the opportunity to indulge in a conjecture that this presumption might have been overcome but for his failure to support it by evidence. The defendant had been a witness in his own behalf, and it was competent for

the prosecution to impeach his credibility as a witness by the same means as it would impeach the credibility of any other witness. (*People v. Hickman*, 113 Cal. 80; *People v. Mayes*, 113 Cal. 618.) They did not, however, make any attempt to attack his credibility, and as a witness he stood before the jury in the same light as any other witness.

The above instruction contains a correct rule of law, but it is a rule of law by which a court is to be governed in determining the admissibility of evidence, and is not for the guidance of a jury in determining the effect of evidence which has not been admitted for their consideration. As there was no evidence before the jury relating to the subject matter of this instruction, the court was not justified in giving it to them, even if there could be any occasion upon which the instruction could be properly given to a jury. A jury should be instructed upon the evidence which has been admitted for their consideration, and not with reference to what would be their duty if they had an opportunity to consider evidence which has not been admitted Instructions upon abstract rules of law which have no application to the evidence in a case tend to confuse rather than enlighten a jury, and ought not to be given. (*People v. Devine*, 95 Cal. 227; *Comptoir D'Escompte v. Dresbach*, 78 Cal. 15; *In re Calkins*, 112 Cal. 296.)

At the trial, the defendant testified that on the previous evening he had got the pistol with which he shot the deceased from a man named Percy, and had left it at Carroll's saloon early that morning; that after noon of that day he went to Carroll's place for his pistol, and "I told him to give me that gun and I will put it away"; that after getting the pistol he went to the Brewery saloon with it upon his person, and, being asked if he took it out there and exhibited it, he replied: "No, sir; it kind of fell out here, and I shoved it back again." He was then asked if he did not while in the Brewery saloon, in the presence of one Brown and others, take the pistol out and exhibit it to them, and say in their presence: "This is what I go heeled with," or words to that effect, to which he replied in the negative. In rebuttal, the prosecution called Brown as a witness, who testified that he saw the defendant in the Brewery saloon a few minutes before the shooting, and was asked whether the defendant exhibited his pistol and said to him in substance, "This is what I go heeled

with for those fellows that are after me," or words to that effect. The question was objected to upon the ground that it was incompetent, irrelevant, and immaterial for any purpose, and that it had not been shown to have any relation to Cotton. The objection was overruled, and the witness answered that he heard the remark and saw the pistol. It is urged upon this appeal that it was error to admit this testimony, as it was not a part of the *res gestae,* and was not made in the presence of Cotton, or shown to have any reference to him.

It is not claimed that this remark was any part of the *res gestae,* but it was competent for the prosecution to show by a cross-examination of the defendant what he did with the pistol after he got it, and thus refute any inference from his statement that he got it merely for the purpose of putting it away, and it was also competent to contradict his statements in reference thereto by the testimony of Brown. The presence or absence of Cotton when the remark was made was of no moment, since the testimony was not for the purpose of showing any threat toward Cotton, but to impeach the correctness of the defendant's previous statement of his purpose in getting the pistol.

The other errors assigned upon the appeal do not need any consideration; but for the error in giving the above instruction the judgment is reversed and a new trial ordered.

Temple, J., McFarland, J., and Henshaw, J., concurred.