[Crim. No. 955.   Department Two.—February 19, 1903.]

## THE PEOPLE, Respondent, v. HIPOLITO PEDRO CADOT, Appellant.

CRIMINAL LAW—APPEAL—ORDER DENYING ARREST OF JUDGMENT.—An order denying a motion in arrest of judgment is not appealable, and an attempted appeal therefrom will be disregarded.

ID.—OBTAINING PROPERTY UNDER FALSE PRETENSES—SUFFICIENCY OF INFORMATION.—An information for obtaining money and personal property under false pretenses is sufficient, if it contains all the elements of the offense designated in section 532 of the Penal Code, and shows an intent to defraud, and actual fraud committed, for the purpose of perpetrating which false pretenses were made use of, by means of which the fraud was accomplished, and which were the cause that induced the owner to part with his property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial, and from an order denying a motion in arrest of judgment. W. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

William S. Barnes, and Leonard Stone, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

GRAY, C.—The defendant was convicted of the crime of obtaining money under false pretenses. He appeals from the judgment and from an order denying him a new trial, and also attempts to appeal from an order denying his motion in arrest of judgment, which attempt may be here disregarded, as no appeal from an order of the last-named character finds any warrant under our Penal Code.

The only point made for reversal is to the effect that the information fails to charge an offense. The crime of which the defendant is convicted is defined in section 532 of the Penal Code as follows: "Every person who knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property . . . is punishable in the same manner and to the same extent as for larceny of the money or property so obtained." The information charges, in substance, that the defendant was the clerk, agent, and employee of Juan Astorga Pereira, consul of the republic of Chile at the city and county of San Francisco, and that intending by false and fraudulent pretenses and representations to get into his possession the personal property and money of certain persons named, constituting the firm known as Sussman, Wormser & Co., with intent to cheat and defraud said company, did, knowingly and designedly, falsely, fraudulently, and feloniously, pretend and represent to the agent of said company and to said company that it was indebted in the sum of $124.67 to said Pereira, as said consul, for consular fees and charges upon bills of lading and manifestoes of shipments made by said company from said city to said republic of Chile; that in truth and in fact said company was indebted as aforesaid in no

greater sum than $36.06, as "the said Hipolito Pedro Cadot then and there well knew"; that the company and its said agent believed the false representations and pretenses of the defendant, and, being deceived thereby, were induced to and did deliver and pay to defendant the said sum of $124.67; that said pretenses and representations were false, and the defendant then and there knew it, and also knew that $88.61, part of the amount received by him, was not, nor was any part of it, due to said Pereira as such consul, or otherwise, and that no part thereof was at any time paid to said Pereira, contrary, etc. In *People* v. *Wasservogle*, 77 Cal. 173, the elements of the crime here under consideration are set forth as follows:—

1. "There must be an intent to defraud."

2. "There must be actual fraud committed."

3. "False pretenses must be used for the purpose of perpetrating the fraud."

4. "The fraud must be accomplished by means of the false pretenses made use of for the purpose; viz., they must be the cause which induced the owner to part with his property."

We think the information clearly sets forth all the above elements of crime and is good and sufficient as a charge of obtaining money under false pretenses. The appellant does not in his brief put his finger on any defect in the information, but contents himself with stating a portion thereof, and then says: "Then follow the usual allegations in false-pretense cases."

We also think that the information contains the allegations usual in "false-pretense cases," and advise that the judgment and order denying a new trial be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.