[Crim. No. 110.   Second Appellate District.—May 25, 1909.]

## THE PEOPLE, Respondent, v. JOHN LAPIQUE, Appellant.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—MOTION TO SET ASIDE INFORMATION—OFFENSE SHOWN BY COMMITMENT.— A motion will not lie to set aside an information for the offense of obtaining money under false pretenses on the ground that the commitment was not for the same offense in not showing its degree, when it appears that the commitment was indorsed upon the complaint filed before the committing magistrate, which set out the same facts, circumstances and details which appear in the charging part of the information.

ID.—SUFFICIENCY OF COMMITMENT—COMPLAINT INCLUDED.—When the complaint is made a portion of the commitment, and is so considered, the commitment is sufficient under section 872 of the Penal Code.

ID.—USE OF WORD "DEPOSITION" INSTEAD OF "COMPLAINT"—EQUIVALENT TERMS.—The use of the word "deposition" in referring to the complaint instead of the word "complaint," is not material, these terms being equivalent in relation thereto.

ID.—SUFFICIENCY OF INFORMATION.—*Held,* that the information sufficiently charges the offense, and that there is no merit in the demurrer thereto.

ID.—IMPANELMENT OF JURY—REGULAR PANEL—CHALLENGE—PREJUDICE OF SUMMONING OFFICERS.—Where the jury was formed from part of a regularly drawn panel, a challenge to the panel for prejudice of the summoning officers against the defendant under section 1054 of the Penal Code will not lie; and the court properly refused to permit any examination to show such prejudice.

ID.—REGULARITY OF IMPANELMENT—STATEMENT OF COURT FROM RECORD. Where the court, speaking from the record before him, in response to a request for an examination as to the regularity of the impanel-

ment, declared that all of the sixty jurors originally drawn, other than those in attendance from which the jury was drawn, had been excused by the court, it cannot be presumed that the court misstated the record, and in the absence of any attempt to have the record corrected, the defendant could not be prejudiced by the action of the court in disallowing the request.

ID.—INSTRUCTIONS—ABSENCE OF ERROR.—*Held*, that, as a whole, the instructions given presented the law fairly upon the subjects covered; that there was no prejudice to the defendant from the giving or refusing to give, or the modification of any instruction shown in the record; and that the trial judge properly designated the instructions given and refused, or modified.

ID.—CONDUCT OF DISTRICT ATTORNEY NOT PREJUDICIAL—CONDUCT OF DEFENDANT—DIRECTION OF COURT.—*Held*, that in view of the remarks and conduct of the defendant, and of the proper direction given the jury by the judge, there was no prejudicial conduct of the district attorney, in his remarks as to what was meant by the defendant, including a question as to his meaning concerning a prior charge to which defendant voluntarily alluded.

ID.—FATAL VARIANCE—FALSE REPRESENTATIONS CHARGED NOT PROVED.— Where the defendant was charged with falsely representing that he was the agent of two persons named, and authorized to sell for them a certain lot described, on the faith of which the complaining witness parted with his money, and the complaining witness proves that he parted with his money because he represented that the lot belonged to a bank, and he was authorized to sell it as its agent, and the instrument described in the information was made eight days later, and was antedated and substituted in place of the other without any new representations, the variance between the allegation and the proof is fatal.

ID.—OWNERSHIP, WHEN TO BE PROVED.—Ownership must be proved as alleged when it is matter of essential description; and when ownership is an essential part of false representations alleged as the basis of a crime charged, it cannot be treated as surplusage, but the representations alleged must be proved as laid, and the fraud must be shown to have been accomplished by means of the false pretenses alleged to have been made use of for the purpose, and they must be shown to have induced the owner to part with his money.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. Jamison, Judge.

The facts are stated in the opinion of the court.

John Lapique, Appellant, *in pro. per.*

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Defendant was informed against for the crime of obtaining money under false pretenses, and upon conviction was sentenced to ten years in state's prison.

The errors upon which a reversal of the judgment is urged on this appeal are the following: (1) The denial by the trial court of defendant's motion to set aside the information; (2) the overruling of defendant's demurrer to the information; (3) the refusal of the trial court to permit the defendant to investigate the regularity of the drawing of the jury; (4) the denial of defendant's challenge to the panel; (5) the denial of defendant's motion to instruct the jury to acquit because of a variance in the false representations alleged and those proven; (6) the refusal of the court to give certain instructions requested by the defendant, and its failure to distinguish by indorsement the instructions given, refused and modified; and (7) misconduct of the district attorney in making statements in the presence of the jury touching the former prosecutions of the defendant.

The error assigned in respect to the motion to set aside the information is that the district attorney did not file an information for the same offense for which the defendant was held by the committing magistrate. This is based upon the fact that the commitment designates the offense for which defendant was held as "Obtaining Money Under False Pretenses," without determining the degree of the offense, which, by reason of the provisions of section 486, may or may not constitute a felony. (*People* v. *Nogiri,* 142 Cal. 596, [76 Pac. 490] ; *People* v. *Lee Look,* 143 Cal. 219, [76 Pac. 1028] ; *People* v. *Picetti,* 124 Cal. 361, [57 Pac. 156] ; *People* v. *Small,* 1 Cal. App. 322, [82 Pac. 87].)   The contention in support of this view is that the same doctrine declared in relation to verdicts attempting to describe an offense, such as were considered in the cases of *People* v. *Cummings,* 117 Cal. 499, [49 Pac. 576], and *People* v. *Tilley,* 135 Cal. 61, [67 Pac. 42], is applicable here.   We cannot subscribe to this view.   The commitment is indorsed upon the back of the complaint filed before the committing magistrate, and the complaint sets out the same facts, circumstances and detail that appear in the charging part of

the information.  The commitment reads as follows: "It appearing to me that the offense *in the within deposition mentioned,* to wit: obtaining money under false pretenses, has been committed," etc.  The complaint thus being made a portion of the commitment and so considered, the commitment is sufficient under section 872 of the Penal Code.  Since the amendment of this section in 1905 the word "complaint" has been the proper word to use in this connection, instead of "deposition," but the latter was held to be the equivalent of "complaint" when the word "deposition" was used in the statute.

There is no merit in the demurrer to the information, and that pleading is good and sufficient against the attack made upon it.

Defendant challenged the panel of jurors in attendance at the trial upon specified grounds covering both section 1059 and section 1064 of the Penal Code.  The record discloses that the jurors were a portion of a regularly drawn panel, and therefore a challenge under section 1064 will not lie, and the refusal of the court to permit any examination, with the view of showing prejudice toward the defendant, of the deputy sheriffs who summoned the jurors was proper.  In respect to the attempted examination into the regularity of the impanelment of the jury, which defendant contends the court refused to permit him to make, it appears that the record was before the court at the time, and that, speaking from the record, the court declared that all of the sixty jurors originally drawn had been excused by the court except those who were in attendance upon the court.  We cannot presume the court misstated the record, and if he stated it correctly it answered all the inquiry made by the defendant.  No attempt was made by him to have the record corrected, and he was in no way prejudiced by the action of the court in this respect.

As a whole, the instructions given present the law fairly upon the subjects covered, and we see no prejudice to defendant's interest arising from either the giving or refusing to give or modification of any of the instructions presented by the record.  The trial judge designated the instructions given and those refused; those parts of instructions offered which were refused, and those parts which were given and the modifications which were made, appear from the record.

The matter presented under the head or ground specified in defendant's motion for a new trial is as follows: "That the verdict of the jury was arrived at solely by and upon the remarks and instructions of the court to the jury during argument of counsel to the effect that defendant had been previously convicted of two felonies," rests upon a statement by the district attorney made at the conclusion of defendant's statement of his case to the jury before the evidence was taken. The defendant said to the jury: "Before I go any further, I wish to tell you one thing, to tell you my misfortune to be charged with crime before; you all know Ruef and his fight up there, but I was never convicted by anybody. I want to show the jury that I never was convicted of a crime; I have a right to show that." Thereupon the court said to the defendant, "Don't argue to the jury in connection with that," and the district attorney made the remark: "I presume what he wanted to say was he had been convicted twice, and then the cases were reversed by the supreme court, is that it?" To which the defendant replied: "I didn't want to say any such thing. I want to say the supreme court turned me loose. You told the reporters last night that yourself. You are trying to prejudice this jury,—which is a lie. I will watch you very closely." On the following day the defendant put the district attorney upon the witness-stand, and upon being asked what his purpose was, said: "I want to show by his tricks that he came here and prejudiced the jury, that he charged me with two convictions of which I have never been guilty of"; whereupon the court examined the record and stated he had not clearly heard the remarks made on the previous day, and instructed the jury to disregard any and all statements made by either the district attorney, the defendant or the court in relation to any conviction of defendant of any other crime, or anything that bore upon the subject. It is apparent from this that if the defendant's case was prejudiced by such a remark, it was the fault neither of the court nor the district attorney.

The record, we think, discloses a fatal variance between the allegation and proof. The false representations charged in the information were that the defendant represented that he was the agent of Mary and Richard Corcoran and authorized by them to sell and transfer a certain lot 8 of the Corcoran

tract owned by them, and that he was authorized to sign their names to a certain written instrument which he exhibited to the complaining witness, and which purported upon its face to be a contract of sale of said lot, and to which he signed the names of Mary and Richard Corcoran, with his own as their agent, in the presence of the complaining witness, and by reason of said pretended sale induced the complaining witness, Camgros, to pay him the sum of $100 on said contract.

The evidence of the complaining witness is that he paid the $100 to defendant on April 19, 1907, because the defendant told him that the lot belonged to the Security Savings Bank, and that he (defendant) had the right to sell the lot himself. The witness testified: "I believed that and that's why I bought the lot. I gave him the money. . . . I believed what he told me about the lot, and that belief was what caused me to give him the money." The district attorney thereupon asked the witness whether or not he would have given the money to the defendant if the latter had not told him that the Security Savings Bank owned the lot and that he had a right to sell it, and the witness answered, "No." Again, on cross-examination the witness stated that before filing the complaint he went to the Security Savings Bank to find out about the ownership of the lot.

These were the only representations, according to the complaining witness, made at the time of the transaction and the only ones upon which he (complaining witness) relied in parting with his money. Eight days later the defendant handed to the complaining witness a writing executed in the manner alleged in the information. This writing was substituted for the receipt given at the time of the payment of the $100 and bore the same date, April 19, 1907. The witness could not read and didn't read the paper or know its contents, and no representations were made to him to the same or similar effect or purport as the contents thereof. There is no escape from the conclusion that the allegations of the information were not proven as alleged.

If this variance be treated as one merely relating to a question of ownership, one of the subdivisions of the general rule that the evidence must correspond with the allegations in the pleading is, that allegations of matters of essential description must be proved as laid. (Taylor on Evidence, sec. 289.)

Ownership may or may not be an essential matter of description according to the offense charged and the circumstances of its commission. The general rule is that ownership must be proved as alleged because it identifies the offense, and hence even where its allegation is unnecessary, it has been held that the rule should be applied in order that the charge may be distinguished from all others upon a plea of former conviction or acquittal. (1 Bishop's New Criminal Procedure, sec. 488b.)

The matter of ownership, however, is not to be considered here as an element of the crime or a matter of description, but in respect to what representations were made to induce the complainant to part with his money. It is apparent, then, that the allegation of ownership cannot be treated as surplusage because the property is otherwise sufficiently described. (Bishop's Statutory Crimes, 3d ed., sec. 1120.) The crime charged was to be established by the proof of the false representations alleged to have been made and of their falseness. The fraud must be accomplished by means of the false pretenses alleged to have been made use of for the purpose. They must be shown to be the cause which induced the owner to part with his money. (*People* v. *Jordan*, 66 Cal. 10, 12, [56 Am. Rep. 73, 4 Pac. 773]; *People* v. *Wasservogle*, 77 Cal. 173, 175, [19 Pac. 270]; *People* v. *Cadot*, 138 Cal. 527, [71 Pac. 649].) This was not done here.

On the ground of the variance thus shown, the judgment is reversed and cause remanded for a new trial.

Allen, P. J., and Shaw, J., concurred.