[Crim. No. 370. First Appellate District.—November 17, 1911.]

## THE PEOPLE, Appellant, v. THOMAS WHITE, Respondent.

CRIMINAL LAW—MURDER—PRELIMINARY EXAMINATION—RIGHT TO COUNSEL — INSUFFICIENT RECORD—WAIVER—ELECTION—UNTENABLE MOTION TO SET ASIDE INFORMATION.—Upon a preliminary examination of a charge of murder, the magistrate should have carefully followed the statute, and informed the defendant "of his right to counsel in all stages of the proceedings," and have seen to it that his docket entries showed an exact compliance with the law in this regard. But though the docket entry merely showed that he "was advised of his right to counsel," yet where it clearly appears that when he was fully informed that he had such right on the preliminary examination, he stated that he did not wish counsel except at the final trial, and deliberately elected to proceed on the preliminary examination without counsel, he should not be heard to complain, on a motion to set aside the information, that he was not sufficiently informed of his right to counsel.

ID.—ORDER HOLDING DEFENDANT TO ANSWER—INDORSEMENT ON SUF-
FICIENT COMPLAINT—AMENDABLE COMMITMENT—NAME OF PERSON
MURDERED.—Where the order holding the defendant to answer was
indorsed upon a sufficient complaint, which fully sets forth the
charge of murder against the defendant, as required by section 872
of the Penal Code, the fact that such complaint is misnamed as
a deposition is immaterial; and the order so indorsed was entirely
sufficient to support the information filed. The fact that the com-
mitment to the sheriff under section 872 of the Penal Code does
not name the person murdered does not invalidate the information
filed, nor justify the setting thereof aside, nor constitute a ground
for the release of the prisoner from custody. In such case, the
warrant of commitment may at any time be amended by the magis-
trate to conform to the complaint upon which the order holding
the defendant to answer was indorsed.

ID.—FAILURE OF MAGISTRATE TO SIGN DOCKET PRIOR TO INFORMATION.—
The failure of the magistrate to sign his docket until after the
filing of the information does not affect the validity of the infor-
mation.

ID.—IMPROPER ORDER SETTING ASIDE INFORMATION—REVERSAL.—There
appearing to be no sufficient grounds to sustain an order of the
superior court setting aside the information, the same must be re-
versed for further proceedings upon the information filed.

APPEAL from an order of the Superior Court of Santa
Cruz County, granting a motion to set aside an information.
Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and Benjamin K. Knight,
District Attorney, for Appellant.

W. G. Williams, and D. C. Clark, for Respondent.

HALL, J.—Defendant was charged by information filed by
the district attorney with the crime of murder. In due time
he made a motion in the superior court that the information
be set aside "upon the ground that before the filing of said
information the defendant had not been legally committed by
a magistrate."

The motion was granted, and the people appealed to the
supreme court, which court, being of the opinion that the
appeal should have been taken to this court, transferred the
case to this court for determination of the appeal.

The first ground urged by respondent in support of the order setting aside the information seems to be that defendant was not, before the preliminary examination, informed of his right to the aid of counsel in every stage of the proceedings.

The statute provides that "When the defendant is brought before the magistrate upon an arrest either with or without warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings." The docket entry of the magistrate shows that when defendant was brought before the magistrate on the seventeenth day of May, 1911, he was by the magistrate "advised of his rights to counsel," and the examination of the charge was set for May 19, 1911.

The record shows that on the calling of the matter by the magistrate on May 19, 1911, the defendant and the district attorney were present, and the district attorney requested the magistrate to appoint a reporter to report the proceedings, which was done, and the reporter was duly sworn. Thereupon the district attorney made this statement: "If your Honor please, in order that the record may be straight in this case, as I understand it, the other day the defendant was duly arraigned in court, by having the complaint read to him and being informed of all his rights to counsel at all stages of the proceedings, also of his right to have witnesses here at the preliminary examination, and the examination was set at this time by consent, and with the understanding that if Mr. White desired further time to employ counsel, that he would have the right to it. I presume, may it please the court, that the matter may be disposed of, first, as to whether he is ready to go ahead at this time without counsel." Immediately following this statement by the district attorney the record shows the following proceedings:

"Court: Have you an attorney, have you employed an attorney to defend you in this action?

"Defendant: No, I have no attorney.

"Court: A lawyer?

"Defendant: No, I expect I will have to get one in the big trial.

"Court: You understand that this is the time set for your preliminary examination?

"Defendant: Yes.

"Court: Are you ready for your examination now?

"Defendant: Yes, sir.

"Court: You don't desire any further time?

"Defendant: No, no; do it to-day.

"Q. You want to proceed without a lawyer?

"A. Yes, until the next court comes, I am satisfied."

As was suggested by the trial court, when passing upon the motion to set aside the information, the magistrate should have carefully followed the statute and informed the defendant "of his right to the aid of counsel *in all stages of the proceedings,*" and should have seen to it that his docket entries showed an exact compliance with the law in this regard. But even if the docket entry to the effect that he was "advised of his right to counsel" does not show a full compliance with the requirement of the law that he must be informed of his right to the aid of counsel *in every stage of the proceedings,* it is perfectly clear from the record as above set forth that before the examination defendant was informed and had knowledge of his right to the aid of counsel upon the examination, and with such knowledge elected to proceed with the examination without counsel.

Under these circumstances defendant should not be heard to complain after his commitment that he was not sufficiently informed of his right to counsel when first brought before the magistrate.

It is next urged by defendant that the commitment of defendant is not valid, for the reason that the name of the person charged to have been murdered does not appear in the commitment.

The order holding him to answer is indorsed on the back of the complaint, and is in exact conformity with the statute requiring such order to be so indorsed, except that the word "deposition" is used instead of the word "complaint" (Pen. Code, sec. 872), but this has been held to be immaterial. (*People* v. *Lapique,* 10 Cal. App. 672, [103 Pac. 164].)  The complaint fully sets forth the charge against the defendant, and is beyond criticism as a charge of murder.

By the terms of the order indorsed on the complaint defendant was held to answer for the offense "in the within deposition mentioned," and this made the complaint a part of

the order. The order holding the defendant to answer was thus in strict accord with the requirements of the statute and entirely sufficient to support the information filed. The fact that the commitment to the sheriff (Pen. Code, sec. 877) does not name the person murdered does not invalidate the information filed by the district attorney. .Indeed, any such defect in the warrant of commitment is not a ground for the release of the prisoner from custody if a proper order has been indorsed on the complaint. In such case the warrant of commitment to the sheriff may at any time be amended by the magistrate so as to make it fully and formally describe the offense set forth in the complaint referred to and thus made a part of the order holding the defendant to answer to the charge. (*Ex parte Kiel,* 85 Cal. 309, [24 Pac. 742].)

Section 872 of the Penal Code provides that "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or indorse on the complaint an order, signed by him, to the following effect: It appearing to me that the offense in the within complaint mentioned (or any offense, according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer to the same."

It is this order that evidences the action of the magistrate in holding a defendant to answer before the superior court, and is the basis for the filing of an information against the defendant. (Pen. Code, sec. 809.) For this reason any omission of the name of the person murdered, in the commitment issued to the sheriff or entered in the docket does not invalidate the information, nor justify the setting aside of the information upon the ground that the defendant had not been legally held to answer, where, as in this case, the provisions of section 872 have been strictly complied with.

And for the same reason the failure of the magistrate to sign his docket until after the filing of the information does not affect the validity of the information.

No other reasons have been suggested to support the contention of defendant that he had not been legally committed by a magistrate.

The grounds urged in support of the order made by the trial court are insufficient to support the order, and it is reversed, and the cause remanded for further proceedings upon the information filed by the district attorney.

Lennon, P. J., and Kerrigan, J., concurred.