· BARKER, Appellant, v. COATS, Respondent.

(148 N. W. 134.)

**Trial—Instructions—Relevancy to Issue—Representations in Land
Exchange—Abstract Proposition.**

In an action against a broker for fraudulent representations
by him on an exchange of land, where the only representation
plead or shown in evidence, and the only issue, was the alleged
false statement that the section shown plaintiff was the section
which he was getting, **held,** that instructions that when there
was opportunity for examination each party might exalt value

of his property to highest point that the other party's credulity would bear, and depreciate value of the other's property, that such assertions did not amount to deceit, that the parties were on equal ground, that their own judgment must be their guide, and that, when a party capable of taking care of his own interests made a bad bargain, the law would not assist him unless deceit, has been practiced, that mere silence was not such fraud as would avoid a contract, but that there must be some concealment by way of witholding information when asked, or using some trick to mislead, that vendor might let vendee cheat himself if he saw fit, and that, if the defect complained of was so obvious to the senses as to be discoverable by ordinary care in examining the land, then defendant was not liable unless he used some artifice to prevent plaintiff from discovering the defect, were misleading, and prejudicial to plaintiff, they being inapplicable to the issue, and also constituting abstract propositions of law.

Smith and McCoy, J. J., taking no part in the decision.

(Opinion filed July 18, 1914. Rehearing denied September 16 ,1914.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Arthur W. Barker against F. S. Coats, to recover for fraudulent representations in an exchange of lands. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Campbell & Walton,* and *Aikens & Judge,* for Appellant.

*Williamson & Williamson,* and *E. B. Harkin,* for Respondent.

Appellant cited:

Thompson on Trials (2nd Ed.), Sec. 2315, note 42; Comptoir D'Escompte De Paris v. Dresbach, 20 Pac. (Cal.) 28-33; Calkins' Estate v. Calkins, 44 Pac. (Cal.) 577-580; Beaver v. Taylor, 1 Wall (U. S.) 637, 644; Insurance Company v. Baring, 20 id. 162; Baltimore & Potomac R. R. Co. v. Mackey, 157 U. S. 92; Bryan v. United States, 1 Black, 140; People v. Gleason, 55 Pac. (Cal.) 123-124; Wilson v. Law et al., 112 N. Y. 536.

WHITING, J. Plaintiff was the owner of certain real estate, and defendant a real estate dealer and agent handling lands in this state and in North Dakota. They entered into a contract for the exchange of plaintiff's property for a certain "Section 15" situate in North Dakota, which exchange was afterwards consummated by the execution and delivery of the necessary papers by the proper parties. Plaintiff brought this action to recover damages which

he claims to have suffered through the fraud and deceit of defendant, he claiming that defendant, through fraudulent misrepresentations and deceit, led plaintiff to believe that one certain other section of land was "Section 15" received by plaintiff upon the exchange. Plaintiff further alleged that "Section 15" was very inferior to the section which he supposed he was getting and which was "Section 21." From a judgment for defendant and from an order denying a new trial plaintiff appealed.

Appellant assigns as error numerous rulings upon the admission of evidence, the court's refusal to give an instruction asked for, and the giving of certain instructions. Inasmuch as the judgment and order must be reversed on account of error in instructions given, it becomes unnecessary, and we believe would serve no useful purpose, to consider the other assignments.

Neither the pleadings nor the evidence presented any issue whatsoever except the one question of whether plaintiff was shown a section of land, in reality "Section 21," and led to believe that it was "Section 15"—no other misrepresentation was pleaded or testified to.

The court instructed the jury that:

"When parties are negotiating a trade for property which there is an opportunity for examining, each has the right to exalt the value of his own property to the highest point that the other party's credulity will bear, and depreciate the value of the other's property. Such boastful assertions or highly exaggerated descriptions, do not amount to fraudulent representations or deceit. In such case the parties are on equal ground and their own judgment must be their guide in coming to conclusions; * * * when a party capable of taking care of his own interests, makes a bad or losing bargain, the law will not assist him, unless deceit has been practiced against which ordinary care could not protect him; that mere silence or failure to communicate facts within the seller's knowledge, is not such a fraud as will avoid a contract, or render the seller liable. To have that effect, there must be some concealment as by withholding information when asked, or using some trick or device to mislead the purchaser. The seller may let the purchaser cheat himself, if he sees fit to do so, but he must not assist him, even to cheat himself."

To which appellant excepted, "for the reason that the ques-

tions of 'exalting' and 'depreciating' the value of property and of 'boastful assertions or highly exaggerated descriptions' were not relevant to any issue nor to any of the evidence. Nor was it within the issues of the case whether or not plaintiff was capable of taking care of his interests or that he made a 'bad or losing bargain' but that the case was tried upon the sole theory that defendant showed or caused to be shown to plaintiff one piece of land and conveyed to him another piece which plaintiff believed, because of the representations of defendant, was the same piece of land shown him. That because of the clearness of such issue the language in this exception referred to injected into the case features entirely irrelevant, which tended to confuse and mislead the jury."

There was absolutely nothing upon which to base the instruction. There was no claim that appellant had been defrauded through any misrepresentations of the value of the other party's land—there was no such an issue before the court. Appellant makes no claim that either the value or the condition of the tract of land shown him was in any way misrepresented; neither does he claim that there was ever any misrepresentation as to the value of the tract actually deeded to him; it being his contention that this tract was never called to his attention, and therefore there could have been no representation as to its value.

It follows that, even though it should be conceded that the instruction was correct as an abstract proposition of law, there was no issue justifying its submission to the jury and it could but tend to mislead the jury and that to the perjudice of appellant.

The court instructed the jury that: "If they believe from the evidence, that the defect complained of was of such a nature and size, and so obvious and visible to the senses that it could have been discovered by the exercise of ordinary care and diligence, in looking at and examining the land, then the defendant is not liable in this suit, unless the jury further beleives from the evidence that the defendant used some artifice or trick to prevent the plaintiff from seeing or discovering the defect, as by showing a piece of land or some other defect such as would prevent him from discovering the defects in the land if such defects existed."

This was excepted to as follows: "The language in this exception complained of is misleading, irrelevant and foreign to any

of the issues presented by the pleadings or the evidence, and further because it was not claimed by plaintiff nor was there any evidence offered tending to prove any defect in the land that plaintiff claimed was shown him and that he contracted for and supposed he had a deed for."

The issue as to whether or not "Section 15" was shown to appellant raised no issue as to any "defect" in "nature and size" such as would be "obvious and visible to the senses." We know of no way in which one, by "looking and examining" a tract of land could, from such examination only, determine, even with the exercise of the greatest "care and diligence," that the land examined was "Section 15." Appellant raised no issue as to there being any defect in "Section 21," and he denied examining "Section 15." The one issue was: Was he shown "Section 15?" If so, he confessedly could not recover. He never made any claim that any fraudulent representations were made to him in regard to the soil or physical condition of any tract of land shown him. The instruction was absolutely foreign to any issue in this case. and it must, in the light of the record before us, be presumed to have been prejudicial to appellant.

In Sullivan v. Lyons et al., 31 S. D. 189, 140 N. W. 255, this court held it error to submit to a jury, as an instruction, an abstract proposition of law and fail to apply the same to the facts contended for; it is, if possible, more prejudicial to submit, as an instruction, an abstract proposition that has no possible application to the issues that is to be determined by the jury. People v. Gleason, 122 Cal. 370, 55 Pac. 123.

Respondent contends that this case is ruled by the decision of this court in Roper v. Noel, 32 S. D. 405, 143 N. W. 130, and that, in the light of such decision, the court should have directed a verdict in his favor. If this were true, it would follow that appellant could not have been prejudiced by the erroneous instructions. In Roper v. Noel both parties who went to examine the land were in ignorance, not only of the location of the tract they were seeking, but of the description thereof. In the case at bar, it appears without question that respondent, when the examination of land was being made knew the correct descriptions of the land, and was, therefore, fully cognizant of the falsity of the representations made, if there were any false representations made. The cases are not analogous,

and the trial court could not have rightfully directed a verdict in the case at bar.

The judgment and order appealed from are reversed.

Judges SMITH and McCOY, taking no part in this decision.