[Crim. No. 369.   Second Appellate District.—March 18, 1915.]

## THE PEOPLE, Respondent, v. M. H. FLESHMAN, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—PRESENTING FALSE CONTRACT—SUFFICIENCY OF EVIDENCE.—In a prosecution for obtaining money by false pretenses from a bank, where the evidence shows that the defendant falsely stated to the assistant cashier of the bank that the latter had theretofore executed a certain contract for an advertisement of the bank in a directory and gazetteer, and that defendant was the authorized agent to collect the money therefrom, and the defendant presented to the assistant cashier at the time he made the false representations a purported copy of the gazetteer and advertisement therein and a bill to which was attached the alleged contract, bearing the genuine signature of the assistant cashier over which the false contract appeared, the false contract constituted a "false token or writing," within the meaning of section 1110 of the Penal Code, and the evidence was sufficient to sustain a conviction of the offense charged.

ID.—VARIANCE—WHEN NOT SHOWN.—There was no variance between the information and the evidence where it appeared from the testimony of the assistant cashier of the bank that he was induced to pay the money by reason of the demand based upon the false and forged obligation of the bank to pay for the fictitious advertisement in the purported directory.

ID.—INSTRUCTIONS—CHARACTER OF DEFENDANT.—In such a case there was no error in modifying an instruction by striking out the words "he (the defendant) is presumed to have a reasonably good moral character unless the contrary be shown to your satisfaction by testimony in that regard," where there was no testimony given touching the subject of defendant's character.

ID.—INSTRUCTIONS—CORRESPONDENCE OF ALLEGATIONS TO PROOF.—There was no prejudicial error in inserting the word "material" before the word "allegations" in an instruction requested by the defendant that "in every criminal case the proof must correspond with the allegations of the information, and unless the proof does substantially correspond with the allegations of the information, it will be your duty to acquit the defendant."

ID.—FRAUD—GUILTY KNOWLEDGE—SUFFICIENCY OF EVIDENCE.—It is held in this case that the evidence was sufficient to show that defendant had guilty knowledge of the fraud being perpretrated by him as a means of procuring the money.

APPEAL from a judgment of the Superior Court of San Diego County.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

A. J. Morganstern, and Morganstern, McGee, Henning & Hendee, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with the crime of obtaining money by false pretenses.

He appeals from the judgment and an order denying his motion for a new trial.

The material allegations of the information are that defendant, with intent to cheat and defraud it, represented to the American National Bank that it had theretofore made and executed a certain contract with the Parker Company, which he represented to be a corporation engaged in publishing a directory, designated as the Western States Business Gazetteer, which contract was in words and figures as follows: "Publishers' regular Authorized Advertising Contract. Our advertisement and display classification being inserted by the publishers in this publication and appearing in the manner and form as hereby authorized by us, it is understood that our obligations cease with the payment of this amount, the same being the sum of $250, two hundred and fifty dollars.   Copy of book not included in this charge.   City of San Diego Canv. for 1914.   Firm name, American National Bank.   Ordered by L. J. Rice, Assistant Cashier"; and that

by reason of said contract said bank was indebted to the Parker Company in the sum of two hundred and fifty dollars; that defendant represented himself to be an agent of said Parker Company authorized to collect and receive said two hundred and fifty dollars so due from said bank; all of which representations were false and untrue and by defendant known to be false and untrue; that said bank believed said representations to be true, and relying upon the same and deceived thereby, delivered to defendant said sum of two hundred and fifty dollars.

The evidence tended to prove that the alleged contract to which was attached the genuine signature of L. J. Rice, assistant cashier of the bank, was, nevertheless, forged over his signature, or otherwise wrongfully obtained, in that neither Rice nor the bank ever at any time signed or executed such contract; and that there was in truth and in fact no such publication as the Western States Business Gazetteer, or firm of "Parker Company" engaged in the publication thereof. Nevertheless, appellant insists that, conceding a public offense committed in so wrongfully obtaining such contract, the evidence fails to connect him therewith or show his participation in any crime based thereon; and further, that his acts as established by the evidence cannot be construed as the public offense of obtaining money under false pretenses.

It appears from the evidence of Mr. Rice, the assistant cashier of the bank, that defendant called upon him at the bank on June 25, 1914, and taking from a leather case which he carried a purported copy of the Western States Business Gazetteer, exhibited the same to him as containing a full-page advertisement of the bank and presented a bill for two hundred and fifty dollars, made out against the bank, to which was attached the alleged contract over his signature as such assistant cashier, and stated to Mr. Rice that he had come to collect the bill. Mr. Rice, who says he was very busy at the time, examined the papers, remarking that he did not see how anybody ever hypnotized him into signing a contract for an advertisement of that kind, and asked defendant if he was Mr. Parker, in reply to which defendant said, "No, but a relative of his." The bill presented was as follows:

"MAKE CHECKS PAYABLE TO HERBERT PARKER.

| Publishers | City      San Diego Cal. 6/    1914 |
| Printers | M    American National Bank |
| Booksellers | To THE PARKER COMPANY, Dr. |
| Lithographers | Publisher of |
| Importers | WESTERN STATES BUSINESS |
| Blank Book Manufacturers. | GAZETTEER |
|  | Branch          Head Office          Branch<br>New Orleans      New York          St. Louis |

To Insertion in 'THE WESTERN STATES BUSINESS
GAZETTEER,' $250.
Received Payment for the Publisher."

Rice indorsed upon the bill, "O. K. L. J. R.," handed it back to defendant, telling him to present it to the bank teller, whom he directed to pay it. Defendant before presenting the bill to the teller for payment, detached therefrom the contract, which he retained, and upon receipting the bill as follows: "H. F. Coll, 6/26/14," the teller gave him the sum of two hundred and fifty dollars. Mr. Rice, after testifying to the substance of the contract so retained by defendant, was asked why he paid the money to defendant, to which he replied: "The reason I paid it was that he presented this bill to me and said he had come to collect the money, and showed me this advertisement in the book, and presented the bill for the two hundred and fifty dollars with the contract pasted on the back of it which had my signature on it." And again, in reply to a similar question, he stated: "First, because he asked me for it; second, because he showed me a copy of this advertisement; third, because I had a bill for it, and had my name signed to a piece of paper (the contract) there that I knew was my signature."

The false statements made by defendant to Rice, though meager, taken in connection with his conduct in presenting the purported copy of the gazetteer and advertisement therein, together with the forged contract pursuant to and in accordance with which he, as agent of the Parker Company, presented the bill for two hundred and fifty dollars which, in reliance upon the representations so made and implied from such conduct, the bank paid, were sufficient to constitute the offense with which he was charged. It was the

false contract to which the genuine signature of Rice was attached that induced him to pay the bill. This contract constituted a "false token or writing" within the meaning of section 1110 of the Penal Code, which, in order to justify a conviction, must accompany the false pretense when expressed or implied from the language and conduct of one charged with the offense.

Another alleged ground for reversal is that there was a fatal variance between the allegations of the information and the evidence given by Rice. In support of this contention defendant cites the case of *People* v. *Lapique,* 10 Cal. App. 669, [103 Pac. 164]. It clearly appeared in that case, as stated in the opinion of the late Mr. Justice Taggart, that the representations made and upon which the prosecuting witness relied were not those alleged in the information. The facts in the case at bar bear no analogy to those in the case cited. The evidence of Rice shows that he was induced to pay the money by reason of the demand based upon the false and forged obligation of the bank to pay for the fictitious advertisement in the purported directory. There was no variance between his evidence and the allegations of the information.

Defendant complains that the court modified instruction No. 3 by striking out the words, "he (the defendant) is presumed to have a reasonably good moral character unless the contrary be shown to your satisfaction by testimony in that regard"; citing *People* v. *Gleason,* 122 Cal. 370, [55 Pac. 123]. There was no testimony given touching the subject of defendant's character; and, as said in the case cited, "instructions upon abstract rules of law which have no application to the evidence in a case tend to confuse rather than enlighten a jury, and ought not to be given." To the same effect is *People* v. *Griffith,* 146 Cal. 339, [80 Pac. 68].

Defendant requested the court to instruct the jury that "in every criminal case the proof must correspond with the allegations of the information, and unless the proof does substantially correspond with the allegations of the information, it will be your duty to acquit the defendant," which instruction the court, after inserting the word "material" before the word "allegations," gave. While it was error to submit to the jury the question as to what constituted "the material allegations of the information," since as to what is a material

allegation of a pleading is a question of law for the court to decide, nevertheless such instruction was in favor of rather than against defendant. If the jury considered all the allegations material, then, under the instruction, a greater burden would be imposed upon the prosecution than if they deemed only a portion of such allegations material. Obviously the substantial rights of defendant could not have been prejudiced by the giving of such instruction.

There is no merit in appellant's contention that the evidence fails to show that he had guilty knowledge of the fraud being perpetrated by him as a means of procuring the money. Much evidence was offered tending to prove a number of other like offenses perpetrated by him, the purpose of which was to establish guilty intent and knowledge. The evidence taken as a whole, together with his acts in connection with those of an associate who was apparently an accomplice, both before and after the commission of the offense charged, as well as acts of defendant occurring on the train after departure from San Diego, is wholly inconsistent with any theory other than knowledge on the part of defendant that he was perpetrating the fraud of which he was accused and obtaining the money by presenting the purported contract to the prosecuting witness, knowing at the time it was a forgery.

Judgment and order affirmed.

Conrey, P. J., and James, J., concurred.