BARKER, Respondent, v. COATS, Appellants.

(168 N. W. 797).

(File No. 3909.   Opinion filed September 3, 1918.   Rehearing denied November 4, 1918.)

1.   **Damages—Land Exchange, Broker's Commission—Defense of Fraudulent Representations—Showing Other Land, Evidence, Sufficiency.**

In a suit to recover a broker's commission upon exchange of lands, the sole question for jury being whether plaintiff was shown a certain quarter section, or whether he was shown another piece represented to be the former, evidence held, sufficient to sustain verdict for plaintiff; the evidence seeming to favor defendant, yet being ample, if believed by jury, to warrant verdict for plaintiff.

2.   **Appeals—Review—Broker's Fraudulent Land Exchange—Measure of Damages—Former Rule (40 S. D. p. 343)—Followed.**

In a suit for broker's commission upon a land exchange, the defense being fraudulent misrepresentations as to identity of the land, held, that trial court's instruction as to measure of damages, which followed the decision in Hallen v. Martin, 40 S. D. p. 343 that such measure of damages is the difference between actual value of the land at time of exchange and what it would have been worth if the representations had been true, is correct.

3.   **Real Property—Broker's Land Exchange—Instruction That Exchanged Land Mortgaged, Evidence of Mortgage by New Owner—Whether Instruction Prejudicial.**

In a suit to recover a broker's commission on an exchange of

land, trial court having instructed that the land received by defendant was mortgaged for $4,000, while the evidence disclosed, not a mortgage thereon, but one given thereon by defendant as part consideration therefor, **held**, that while the instruction was not in strict accord with the facts, it was non-prejudicial, it being immaterial whether defendant took the land subject to an existing mortgage, or whether in part consideration for the exchange he placed one thereon.

4.  **Evidence—Depositions, Whether Opposite Party. Bound By Cross-Examination—Erroneous Instruction, Non-prejudicial Re Evidence.**

Where defendant merely read the cross-examinations in depositions introduced by plaintiff, **held**, that an instruction that defendant was bound, as to such portions of depositions as he read, to same extent and with like force as if witness had been called by him, was erroneous; defendant being no more bound thereby than he would be had a witness been called upon the stand and then cross-examined by him.  **Held**, further, that such instruction was non-prejudicial, since the facts testified to on cross-examination are either immaterial or undisputed.

Polley, J., dissenting.

Appeal from Circuit Court, Brown County.  HON. THOMAS L. BOUCK, Judge.

Action by Arthur W. Barker, against F. S. Coats, to recover a commission upon an exchange of lands. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Williamson & Williamson*, for Appellant.

*Aikens & Judge*, for Respondent.

(2) To point two of the opinion, Appellant cited:

Rilko vs. Gove (Minn.) 113 N. W. 629; Sigafus vs. Porter (U. S.) 45 L. Ed. 116; Roberts vs. Halliday (S. D.) 74 N. W. 1034.

Respondent cited:

McCabe vs. Desnoyers, 20 S. D. 581.

(4) To point four, Appellant cited:

2 Elliott on Evidence, Sec. 895; 40 Cyc. 2480.

WHITING, P. J.  This cause was before us on appeal from a former trial had in the circuit court, our opinion being found in Barker v. Coats, 34 S. D. 291, 148 N. W. 134.  Upon such appeal we remanded the cause for a new trial. Upon the second trial the jury found with the plaintiff, and from the judgment entered upon

its verdict and from an order denying a new trial this appeal was taken.

[1] Appellant contends that the evidence is insufficient to support the verdict. The sole question for the jury to determine was, as upon the first trial, whether plaintiff was shown section 15, or whether, as contended by him, he was shown section 21 under the representation that it was section 15. We have carefully considered the evidence, and, while it might seem to us that the weight of evidence was in favor of the defendant, yet there was ample evidence which, believed by the jury, would warrant the verdict rendered, and therefore such verdict must be sustained.

[2] Appellant assigns as error the instruction giving the rule of damages to be applied by the jury. The rule so given was that sustained by the majority of this court in Hallen v. Martin, 40 S. D. 343, 167 N. W. 314.

[3] Appellant assigns as error an instruction wherein the court called the attention of the jury to the fact that the land received by respondent was mortgaged for $4,000. The evidence discloses, not that there was a mortgage of $4,000 upon section 15 subject to which respondent took said land, but that, upon the exchange that was made and as part consideration therefor, respondent gave a mortgage on said land of $4,000. It follows that, while the instruction was not in strict accord with the facts, it was not prejudicial because, so far as it affects the issues in this case, it was immaterial whether respondent took the land subject to a mortgage then on the same or whether as part consideration for the exchange he placed a mortgage thereon.

[4] Appellant assigns as error an instruction to the effect that, as to such portions of depositions as he read in evidence, appellant was bound to the same extent and with like force as if the witness had been called by him. An examination of the record discloses that the only depositions to which this instruction could apply were depositions taken on behalf of respondent. The direct examinations contained in such depositions were read to the jury by the respondent, appellant merely reading the cross-examinations. It is clear that the instruction was erroneous, as one who thus offers the cross-examination of a witness as contained in a deposition is no more bound by such cross-examination than he would be if the witness were called upon the stand by the adverse party and then

cross-examined. It does not follow, however, that such instruction was prejudicial. We have examined carefully the evidence given upon such cross-examinations as were read by appellant, and the facts therein testified to are either immaterial or clearly undisput-ed.

We have examined all the other assignments set forth in appellant's brief and find none raising questions of sufficient importance to warrant their discussion herein. The judgment and order appealed from are affirmed.

POLLEY, J. (dissenting). I am not able to concur in the majority opinion in this case. I think the evidence not only fails to support the verdict, but that circumstances, not questioned by either party, prove conclusively that plaintiff knew the land that was shown him in section 21 was no part of section 15. Upon the record before this court, the judgment appealed from ought to be reversed, and the action dismissed at plaintiff's cost.