[Crim. No. 256.   Department Two.—July 8, 1897.]

117   497
s123 271

117   497
f135   65

# THE PEOPLE, RESPONDENT, *v.* JAMES H. CUMMINGS, APPELLANT.

CRIMINAL LAW—OBTAINING NOTE UNDER FALSE PRETENSES—MISDESCRIPTION OF NOTE—AVERMENT OF SINGLE MAKER—PROOF OF JOINT NOTE —SURETYSHIP—MATERIAL VARIANCE.—Where an indictment for obtaining a note by false pretenses describes the note as having been executed by one person as maker, but the proofs show that the note was executed by two persons as joint makers, the variance is material, and the indictment is not sustained by the evidence, and it is not sufficient to prevent the variance from being material that one of the joint makers is shown to have been a surety for the other.

ID.— VERDICT—SUPPORT OF JUDGMENT — INSUFFICIENCY — REFERENCE TO INDICTMENT.—A good verdict must contain within itself, or by reference to the indictment, all the elements of the crime, and if it is silent on some element of the crime, the verdict will not sustain a judgment; and where there is no reference to the indictment, as an aid to deter-

mine by what means the alleged fraud in obtaining the note was con-summated, a verdict merely finding the defendant guilty of defrauding the person named in the indictment, of the note in the indictment mentioned, is not sufficient to support a judgment of conviction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*George D. Collins,* for Appellant.

*W. F. Fitzgerald, Attorney General,* and *Henry E. Carter, Deputy Attorney General,* for Respondent.

HENSHAW, J.—The indictment charged the obtaining of the property of C. Schnelle by means of false and fraudulent pretenses. Defendant was convicted, and appeals from the judgment and from the order denying him a new trial.

His first attack is upon the form of the indictment. It will serve no beneficial purpose to set out in full this pleading, which is of great length, and, without doing so, no satisfactory analysis of appellant's objections thereto can be made. It must suffice to say, that after a critical examination we hold the indictment to be sufficient in law to charge the appellant with the designated offense.

The gravamen of the charge is this: That in an exchange of property induced to be made by Schnelle under the fraudulent representations of Cummings, Schnelle was defrauded of "his, C. Schnelle's, promissory note for the sum of one hundred and seventy-five dollars, which said note was dated October 3, 1894, and was payable thirty days after date in gold coin of the United States, and said note was paid by said C. Schnelle in gold coin of the United States on or about the sixteenth day of November, 1894, to the assignees of said James H. Cummings, which said note was the

personal property of said C. Schnelle, and was of the
value of one hundred and seventy-five dollars, and of
the goods and personal property and moneys of the
said C. Schnelle." Under the proofs it was disclosed
that the note was executed by C. Schnelle and L. W.
Schnelle as joint makers. The instructions followed
the indictment, and proceeded upon the theory that the
note was the promissory note of C. Schnelle. In this
respect the cause is identical with *People* v. *Reed,* 70 Cal.
529, where it was held that an indictment for obtaining
under false pretenses a promissory note alleged to have
been executed by the person defrauded is not sustained
by evidence showing that the note was jointly executed
by him and another.

It is not sufficient answer to this to say, as is here
urged on behalf of the people, that, as between C.
Schnelle and L. W. Schnelle, L. W. Schnelle was but a
surety. The question is the simple one of a variance
between a criminal pleading and the proofs made there-
under.

The only other objection which we deem necessary to
be considered is that which goes to the form of the ver-
dict, and of necessity to the judgment which must be
supported by it. The jury found that; "The defendant
is guilty of defrauding C. Schnelle of the note of one
hundred and seventy-five dollars in the indictment
mentioned." A good verdict must contain either in it-
self or by reference to the indictment all the elements
of the crime. If silent on some element of the crime,
the verdict will not sustain a judgment. (1 Bishop's
New Criminal Procedure, sec. 1005.) It is quite appar-
ent that this verdict, standing alone and without refer-
ence to the indictment, is not sufficient. The defendant
is found "guilty of defrauding C. Schnelle" of a promis-
sory note. There is no such crime known to the law.
The only reference to the indictment is a reference
whereby the identity of the note is fixed If the jury
had found the defendant guilty of defrauding C.
Schnelle of the note for one hundred and seventy-five

dollars in the indictment mentioned, knowingly and designedly, and by the false and fraudulent representations and pretenses in said indictment charged, their verdict in this or in any equivalent language would have been sufficient. But there is no reference in the verdict to the indictment as an aid to determine by what means the fraud was consummated, and, unless it was consummated as charged in the indictment, not only was the verdict insufficient, but the defendant could not be found guilty at all. The only cases which respondent cites in support of the sufficiency of this verdict are two. The first of these is *People* v. *Gilbert*, 57 Cal. 96, where the verdict was: "We, the jury, find the defendant guilty as indicted to the sum of ninety dollars." The defendant was charged with the crime of embezzlement. The reference in the verdict made it explicitly to appear that the jury found him guilty of embezzlement, and that they further found that the sum which he embezzled was ninety dollars. This verdict, while not admirable in form, was legally sufficient. The other case relied upon is that of *People* v. *Jochensky*, 106 Cal. 638. The defendant was charged with burglary, and the verdict was; "We, the jury, find the defendant guilty of burglary in the first degree, and we further find that the goods taken from Price's store on the night of the 13th and 14th of April, 1893, were brought from Sonoma county into the city and county of San Francisco, state of California, by the defendant." The jury's declaration that they found the defendant guilty of burglary in the first degree was a full and sufficient verdict. The only objection urged to it was that it contained more than the law required. The court held that this amplification could be treated as mere surplusage, and that a legal verdict still remained.

For these reasons the judgment and order are reversed, and the cause remanded.

McFARLAND, J., and TEMPLE, J., concurred.