[Crim. No. 5. First Appellate District.—July 18, 1905.]

## THE PEOPLE, Respondent, v. WILLIAM A. SMALL, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FRAUD—INSUFFICIENT VERDICT—JUDGMENT NOT SUSTAINED.—Under an information charging the crime of knowingly and designedly by false and fraudulent representations defrauding a person named of over one hundred dollars in money a verdict finding the defendant "guilty of the crime of felony, to wit, obtaining money by false pretenses," does not respond to the issue, nor show any crime, and cannot sustain a judgment of imprisonment.

ID.—PROVINCE OF JURY—LEGAL DEFINITION OF CRIME.—The words "the crime of felony" may be omitted from the verdict. It is not the province of the jury to determine the legal definition of the acts claimed to constitute a crime.

ID.—JEOPARDY—DISCHARGE OF DEFENDANT.—The defendant having been placed in jeopardy by trial under a valid information, was entitled to be discharged after the receipt and record of an insufficient verdict.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Bert Schlesinger, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

COOPER, J.—Judgment of imprisonment in the state prison was entered against defendant under an information charging him with having obtained possession of one hundred and three dollars by certain false and fraudulent representations set forth therein. He made a motion for a new trial, which was denied, and this appeal is from the judgment and order denying said motion. His contention is that the verdict is insufficient to sustain the judgment, and hence that he should be discharged.

The information charges the offense defined in section 532 of the Penal Code, which provides: "Every person who knowingly and designedly, by false or fraudulent representations or pretenses, defrauds any other person of money or property, . . . is punishable in the same manner and to the same extent as for larceny of the money or property so obtained." It is not necessary to give the information in full, or to enter into an analysis of it. It is sufficient for the purposes of this case that, in our opinion, it sets forth sufficient facts to constitute the crime defined in the section. It shows that the defendant unlawfully, knowingly, fraudulently, and with intent to cheat and defraud, obtained from one Perry one hundred and three dollars by certain false and fraudulent representations to the effect that he was the owner, free from all encumbrances or liens, of certain household furniture, which representations were untrue. The defendant pleaded not guilty to the offense charged.

The jury had the right, as the evidence might have justified, to find the defendant guilty of the offense charged in the information, or guilty of knowingly and designedly, by false and fraudulent representations or pretenses, of defrauding the said Perry of a less sum than one hundred and three dollars, or less than fifty dollars, or not guilty. The verdict

I Cal. App.—21

was: "We, the jury, find the defendant William A. Small guilty of the crime of felony, to wit: obtaining money by false pretenses."

This verdict is not responsive to the issue before the court, and is not sufficient to show that defendant ever committed any crime. The words "of the crime of felony" may be omitted, as it is not the province of the jury to say or determine the legal definition of the acts claimed to constitute a crime. (*People* v. *Holmes,* 118 Cal. 448, [50 Pac. 675].) We then have a verdict finding: "Defendant guilty of obtaining money by false pretenses."

There is no section of the Penal Code making such act of itself a crime. A party must *knowingly* and *designedly,* by false or fraudulent representations or pretenses, defraud a person. It is not found or stated what the false pretenses were, and no reference is made to the information. "But no judgment of conviction can be given unless the jury expressly find against the defendant upon the issue, or judgment is given against him on a special verdict." (Pen. Code, sec. 1162.) The verdict is not a special verdict, nor is it a finding against the defendant on the issue. The issue was as to whether or not the defendant did the things charged against him in the information, or enough of them to constitute a crime. How could any one tell from this verdict how much money defendant obtained, or what he did to obtain it?

If the verdict, instead of responding to the issue in the record, finds upon some other, or is silent on some element of the offense, it will not sustain a judgment. (1 Bishop's New Criminal Procedure, sec. 1005.)

In *People* v. *Cummings,* 117 Cal. 497, [49 Pac. 576], the information charged defendant with the crime of obtaining the promissory note of C. Schnelle of the value of one hundred and seventy-five dollars by certain false and fraudulent pretenses. The verdict found that "The defendant is guilty of defrauding C. Schnelle of the note of one hundred and seventy-five dollars in the indictment mentioned." It was held that the verdict was insufficient, and that there was no such crime, for the reason that the verdict did not find as to the false and fraudulent representations in the indictment charged.

So in the case at bar, there is no finding that defendant *knowingly* and *designedly* obtained any money, and no finding as to the amount.

In *People* v. *Tilley,* 135 Cal. 62, [67 Pac. 42], the defendant was charged with the crime of receiving stolen property in the language of the statute. The verdict was: "We, the jury in the above entitled case, find the defendant, Chas. H. Tilley, guilty of receiving stolen property." The verdict was held insufficient. It was said that there did not appear any intent to find defendant guilty as charged in the information, and the court said: "It may be that the jury were satisfied from the evidence that the defendant was guilty of the receiving of the stolen goods, but were not satisfied either of his knowledge of their being stolen, or as to the intent of personal gain; and that they accordingly found the fact of which they were satisfied, and omitted to find the others of which they were not satisfied."

In the case at bar the jury were evidently satisfied of the fact that defendant obtained money by false pretenses. They were not satisfied that he was guilty of the offense charged, because they did not say so. They were not satisfied as to the amount of money defendant obtained, nor as to the fact that he knew the pretenses were false, for they did not say so. A person might, in the utmost good faith, represent himself to be the owner of certain property, and upon such repre sentation procure money; and yet as a fact the representation might turn out to be untrue. It is not a crime to procure money by false pretenses, unless the party making them knew, or in law would be charged with knowledge, of their falsity.

The defendant has been placed in jeopardy. (Pen. Code, sec. 1023; *People* v. *Terrill,* 132 Cal. 500, [64 Pac. 894].) He made a motion to be discharged after the verdict was received and recorded. He was entitled to such discharge under the ruling in *People* v. *Tilley,* 135 Cal. 62, [67 Pac. 42].)

The judgment and order are reversed, and the court directed to discharge the defendant.

Hall, J., and Harrison, P. J., concurred.