[Crim. No. 2473.   First Dist., Div. One.   Oct. 27, 1947.]

THE PEOPLE, Respondent, v. PRIMO B. ESPOSTI, Appellant.

Jos. G. Gallagher for Appellant.

Thomas T. Califro, as Amicus Curiae on behalf of Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

BRAY, J.—Defendant, who was charged with statutory rape (Pen. Code, subd. 1, § 261) and a violation of section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor), was convicted by the court, sitting without a jury, of attempt to commit rape and of violation of said section 702. On appeal, the only ground stated by defendant was the alleged insufficiency of the evidence to sustain the judgment of the court. An amicus curiae brief was filed raising three additional points, and on argument the court raised a still further question. These will be discussed later.

### Evidence Sufficient to Justify Judgment

Defendant's attack on the sufficiency of the evidence is directed principally against the conviction of attempted rape. However, the prosecuting witness' story, if believed (and it was believed by the judge) was sufficient to sustain both convictions. It is not necessary to give in detail the sordid story told by the 14-year-old prosecutrix. For some time before the date charged, she had been going to defendant's rooms on Saturdays, doing housework for defendant, for which he paid her each time $10. This defendant admits, except that he contends he paid her only $5.00. She testified that on almost every Saturday defendant would rub his private parts between her legs. On the day in question, she testified that he inserted his private parts into hers but stopped when she told him it hurt. A doctor who examined prosecutrix about six days later testified that there was no penetration of the vagina, no redness and the hymen was intact. Based upon this medical testimony, defendant makes the contention that this was a complete contradiction of the testimony of the prosecutrix. However, it is not such a contradiction. The doctor

testified that the lips of the vagina might have been penetrated. This would be sufficient to constitute rape. (Pen. Code, § 263.) The girl's testimony is not inherently improbable. If it be a fact that he did not even enter the lips of her vagina, such fact is not inconsistent with her belief that he did.

To constitute attempted rape it is not necessary that there be any penetration whatever. Under the girl's testimony his acts constituted an attempt to have intercourse with her, from which he desisted when told that he was hurting her. The fact that he desisted does not purge him of the crime of attempt to commit rape. Under the girl's testimony he either entered the lips of her vagina, in which event he could be convicted of attempt to commit rape, although actually the rape itself was accomplished (Pen. Code, § 663) or he attempted to have intercourse with her, but because of her immaturity and her complaint of pain, desisted, which likewise would be an attempt to commit rape.

Defendant's contention that the girl's testimony shows only an intent on the part of the defendant to commit lewd and lascivious acts and not an intent to commit rape, is well answered in *People* v. *Johnson,* 131 Cal. 511, at page 513 [63 P. 842], where the court disposes of a somewhat similar contention. "We do not think the crime charged against this defendant, and of which he was convicted, is of such a nature that we should attempt to shield him upon imaginary reasons or upon a theory that might possibly account for his acts as being done with the intent only to gratify an unnatural desire."

### Jury Waiver

The "Brief of Amicus Curiae in Support of Appellant," (which apparently is just another brief for defendant rather than a true amicus curiae brief), makes three contentions. None of these contentions were made in the court below, nor were they raised in defendant's brief. First, it is contended that the record fails to show that the counsel for defendant joined in the waiver of jury by defendant, as required by article I, section 7 of the Constitution. Inasmuch as, at argument, the counsel for defendant at the trial stated that he did join in such waiver, it becomes unnecessary to discuss the point further.

The second point of the amicus curiae is likewise without merit. While it is not quite clear, apparently the contention is that the judgment referred to in section 689 of the

Penal Code, "No person can be convicted of a public offense unless . . . upon *a judgment of a court,* a jury having been waived in a criminal case," must be supported by findings as in a civil case under section 632 of the Code of Civil Procedure. (Emphasis added.) (Section 664 of the Code of Civil Procedure referred to in this behalf, merely requires a judgment to be entered.) No authorities are cited to support this contention. On the last day of the trial, after reciting the proceedings, including the calling of witnesses, and the fact that both the People and the defendant rested, the minute order states: "COURT JUDGMENT. Thereupon the Court finds the defendant, Primo B. Esposti, Not Guilty of the crime of Felony, to-wit: Violating Section 261 of the Penal Code as charged in count one of the Information, but Guilty of the lesser and included offense of Felony, to-wit: Attempt to commit Rape and Guilty of the crime of Misdemeanor, to-wit: Violating Section 702 of the Welfare and Institutions Code, as charged in Count two of the Information. Thereupon the Court ordered the cause continued for Judgment until February 10th, 1947, at the hour of 11 o'clock, A. M."

At the time to which the case was continued for judgment, a judgment was entered which, after reciting the usual preliminaries, states:

"And no sufficient cause being shown or appearing to the Court, thereupon the Court renders its Judgment:

## "JUDGMENT

"That whereas, the said defendant, Primo B. Esposti, having been duly convicted in this Court of the crime of Felony, to-wit: Attempt to Commit Rape;

## "SENTENCES

"It is therefore ordered, adjudged and decreed that the said defendant, Primo B. Esposti, be punished by imprisonment in the State Prison of the State of California, at San Quentin, for the period of time prescribed by law; and that whereas, the said defendant, Primo B. Esposti, having been duly convicted in this Court of the crime of Misdemeanor, to-wit: Violating Section 702 of the Welfare and Institutions Code, It is therefore ordered, adjudged and decreed that the said defendant, Primo B. Esposti, be punished by imprisonment in the County Jail of the City and County of San Francisco, for the term of one (1) year, said sentences to run concurrently."

It has never been the practice of trial courts in criminal cases tried without a jury to make written findings of fact, and we know of no requirement that they do so. The findings and judgment by the court above set forth are a sufficient finding of guilt and judgment; especially is this so when no complaint of the lack of findings or as to the form of judgment was made in the court below, or even now is being made by the defendant's counsel of record. (*People* v. *Cornell*, 29 Cal.App. 430 [155 P. 1026].)

The third point of the amicus curiae is equally technical and without merit. The contention is that because the court found the defendant not guilty of the crime of rape, it could not find the defendant guilty of the crime of attempt to commit rape. It is a bit difficult to follow this reasoning. Section 1159 of the Penal Code provides that the defendant may be found guilty of an attempt to commit the offense with which he is charged. Here he was charged with rape and was found guilty by the court of an attempt to commit rape. *People* v. *Tilley*, 135 Cal. 61 [67 P. 42], cited in support of this contention, was a case decided in 1901 when the courts had a more technical view of criminal proceedings than they do now. There a defendant was charged with the crime of receiving stolen property, committed as stated in the information. The jury found the defendant "guilty of receiving stolen property." While the court said that had the jury brought in a verdict in the single word "guilty" such verdict would be a proper one, it held that the verdict of "guilty of receiving stolen property," without adding the additional matter of how it was committed as set forth in the indictment, was an invalid verdict. Just how that case applies here does not appear.

The same is true of *People* v. *Ah Gow*, 53 Cal. 627, where the court held void a jury verdict, "We, the jury, do find the defendant guilty of the indictment as charged to him"; also of *People* v. *Small*, 1 Cal.App. 320 [82 P. 87], where the court held void a verdict of "guilty of the crime of felony, to wit: obtaining money by false pretenses"; also of *People* v. *Cummings*, 117 Cal. 497 [49 P. 576], where the verdict found the defendant "guilty of defrauding C. Schnelle" of a certain promissory note. The court held that there was no such crime, and went on to say, "A good verdict must contain either in itself or by reference to the indictment all the elements of the crime." (P. 499.) These cases are no longer

authority for the form of jury verdicts, as statutory changes and a more liberal viewpoint of the courts, plus the fact that now courts can require juries to modify or complete imperfect verdicts, have made these decisions obsolete.

### Double Jeopardy

At argument, this court called the attention of the counsel to the fact that, in view of the decision in *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512], decided after the briefs in this case had been filed, it would appear that defendant had been doubly convicted. An opportunity was then given counsel to submit further points and authorities, if they so desired. The attorney general, in a letter filed in the proceeding, stated: "An application of the Greer case to the instant case compels the conclusion that the offense charged as a violation of sec. 702, Welfare and Institutions Code is included in the offense charged as a violation of sec. 261(1) of the Penal Code and that the defendant has been twice convicted of the included offense." Counsel for defendant, in a letter likewise so filed, stated: "I have read the Greer case very carefully and am convinced that the only point that would help the appellant herein is the holding in Subdivision 11 of the Greer case, that where a defendant is convicted of two charges stated in separate counts, that the conviction is illegal, but that of necessity in view of the *People* v. *Degen*, 70 Cal. App. at 578 [234 P. 129], that the lesser and included offense must necessarily be reversed."

In an opinion of this court, recently filed, *People* v. *Chapman*, 81 Cal.App.2d 857 [185 P.2d 424], we discussed at some length the effect of a conviction of a defendant of violations of sections 288 and 261(1) of the Penal Code, and section 702 of the Welfare and Institutions Code, all arising out of the same incident with the same child. We there held, pursuant to the decision in the Greer case, *supra*, that the violations of sections 261(1) of the Penal Code and 702 of the Welfare and Institutions Code were offenses included in the offense set forth in section 288 of the Penal Code. Here the conviction of defendant of attempt to violate the provisions of section 261(1) of the Penal Code and of violation of the provisions of section 702 of the Welfare and Institutions Code, likewise arose out of the same incident with the same child. Inasmuch as the latter offense is an offense in-

cluded within the former, it is necessary to reverse the conviction of the included offense.

That portion of the judgment convicting defendant of the offense of attempt to commit rape, and the order denying defendant's motion for a new trial thereon, are affirmed. That portion of the judgment convicting defendant of the offense of violation of section 702 of the Welfare and Institutions Code, and the order denying defendant's motion for a new trial thereon, are reversed, and the trial court is directed to proceed in accordance with the views herein expressed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1947.