[Crim. No. 3089.   Third Dist.   Dec. 28, 1960.]

THE PEOPLE, Respondent, v. JESUS FELIPE
GONZALES, Appellant.

John P. Thomas, under appointment by District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat A. Agliano, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Defendant above named was charged by information with violation of section 11501 of the Health and Safety Code, it being alleged that he "did wilfully and unlawfully . . . sell, furnish and give away a narcotic. . . ." He was also charged with three prior felony convictions. Defendant entered a plea of not guilty to the crime charged in the information, but admitted the prior convictions. The case proceeded to trial and the jury found defendant guilty as charged. His motion for a new trial was denied, and following denial of probation judgment was pronounced. This appeal is from the judgment.

The record discloses that the defendant was under suspicion of illegal narcotic activity. The state and local officials contacted one Vincent Gurley (a known user of narcotics) and made him a special agent. Gurley was acquainted with the defendant and had in the past purchased narcotics from him. On or about September 22, 1959, Gurley was given $50 in marked money and told by the local law enforcement officials to attempt to make a purchase from the defendant. Gurley made contact with the defendant and in the early hours of the following morning did make a purchase, that is, he received

several bindles of heroin, and the marked money was found in the possession of the defendant. The defendant took the stand in his own behalf and testified that the money found in his possession was given to him by Gurley not in payment for narcotics but as a partial reimbursement for a prior loan made by the defendant to Gurley.

Appellant does not question the sufficiency of the evidence to support the judgment and his sole contention upon this appeal is that the forms of verdict submitted to the jury by the trial court unduly influenced their decision and deprived him of a fair trial. The three forms of verdict given to the jury were as follows:

1. Guilty of violation of Health and Safety Code, section 11501, sale of narcotics, as charged in the information.

2. Not guilty of violation of Health and Safety Code, section 11501, sale of narcotics, as charged in the information.

3. Guilty of violation of Health and Safety Code, section 11500, possession of narcotics, a lesser included offense included in that charged in the information.

Appellant argues that because the court did not give to the jury a form of verdict to the effect that he might be found not guilty of a violation of section 11500 of the Health and Safety Code, the lesser included offense of possession of narcotics, it was virtually an expression of the court's opinion that appellant was guilty of possession. We are unable to agree with this contention. The record shows that at the conclusion of the instructions the court asked counsel if there was any objection to the court reading the forms of verdicts which had been prepared, and respective counsel stated that there was no objection. The court before reading the three forms of verdict stated: "These forms have no significance in and of themselves, and neither has the order in which I now read them to you."

It should be noted that no objection was raised relative to the forms of verdict. The record, in fact, discloses express consent to the three forms by defense counsel. Neither was any request made for permission to submit any other form or forms of verdict.

■■■ As this court said in *People* v. *Mundt,* 31 Cal.App.2d 685, at page 688 [88 P.2d 767] : "There is a well-recognized rule that 'the law makes it no part of the duty of the judge to furnish forms of verdict to the jury, but the latter are presumed to be able to formulate their own conclusions, and in practice, most usually do so.' (*People* v. *Hill,* 116 Cal. 562,

570 [48 P. 711]; *People* v. *Corbin,* 118 Cal.App. 392, 396 [5 P.2d 460].) No doubt the trial judge in the instant case had this rule in mind when he expressly instructed the jury as follows: 'These forms have no significance in or of themselves; they are prepared by the clerk merely for the purpose of saving you the trouble of preparing it when you find a verdict.'

Furthermore, it does not appear that defendant at any time requested that such a form of verdict be submitted to the jury; neither does it appear that at the time said forms of verdict were given to the jury as above set forth, any objection whatever was made by counsel for defendant, nor was any request made for permission to submit any other form or forms of verdict. We are of the opinion that the defendant, by failing to so object, waived his right to make the contention here made. It is an elementary rule that such matters must be called to the attention of the trial court, and that they cannot be raised for the first time upon appeal.''

Furthermore, we are convinced that no prejudice resulted to appellant from the failure of the court to submit a verdict of not guilty to the lesser offense. The court stated clearly in its instructions that it was expressing no opinion as to the guilt or innocence of the defendant and gave full and fair instructions on the presumption of innocence, reasonable doubt, and burden of proof. The jury found the defendant guilty of selling narcotics, so it is difficult to understand how defendant could have been prejudiced by a failure to submit to the jury a verdict form of not guilty of possession when he was in effect acquitted of the crime of possession.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.