[Crim. No. 8241.   Second Dist., Div. Three.   Feb. 21, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. FLOYD SAN-
FORD BREEDEN, Defendant and Appellant.

Harrison M. Dunham for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and Louis L. Selby, Deputy At-
torney General, for Plaintiff and Respondent.

SHINN, P. J.—Floyd Sanford Breeden appeals from a
judgment of conviction of violation of section 288 of the
Penal Code.   Trial by jury was waived.   The victim was a
boy 13 years of age.

Pursuant to section 5500 et seq. of the Welfare and Insti-
tutions Code, and upon the reports of doctors under appoint-
ment by the court, defendant was adjudged a probable sexual

psychopath and committed to Atascadero State Hospital. Upon receipt of a letter from the superintendent of the hospital stating that defendant was a sexual psychopath but would not benefit from treatment in a state hospital and was a menace to the health and safety of others, defendant was returned to the court and sentenced to the state prison.

On appeal, defendant contends there was insufficient evidence, as to identity and intent of the defendant, to support the conviction. At the trial, defendant, who was represented by counsel, did not testify nor were there any witnesses produced in his behalf. The evidence against the defendant consisted of the testimony of the boy and his mother. The boy was shown by his testimony to be a competent and intelligent witness. His version of defendant's acts was not incredible and, if believed, was sufficient to prove that defendant committed the offense. There was no objection to his competency. The offense was committed at night in a trailer where the boy lived with his parents and a brother. The boy identified defendant as the offender. The testimony of the mother disclosed that she and her husband in company with defendant and friends had spent the day drinking beer, and that defendant had said he intended to visit her. She also testified that her son who was the victim had made a complaint to her soon after the time when the incident occurred.

The testimony of the boy was sufficient without corroboration. (*People* v. *Sylvia,* 54 Cal.2d 115 [4 Cal.Rptr. 509, 351 P.2d 781].) The intent of defendant was to be inferred from the nature of the act and the conduct which was proved could not reasonably have been found free from the intent which made it a crime. (*People* v. *Wilder,* 151 Cal.App.2d 698 [312 P.2d 425].) In view of the explicit testimony of the boy whom the court considered to be a credible witness, and the failure of defendant to take the stand, there could have been no doubt of defendant's guilt.

The judgment is affirmed.

Ford, J., and Files, J., concurred.