[Crim. No. 9685.   Second Dist., Div. Four.   Feb. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN EDWARD JENKINS, Defendant and Appellant.

Alexander Fitzgerald, under appointment by the District Court of Appeal, and James L. Garcia for Defendant and Appellant.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, and William Zessar, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Appellant, Leon Williams, William Clinton Johnson, and other persons were engaged in a drinking party at a residence occupied by appellant and Margaret Nixon. A quarrel developed, in the course of which apparently all persons present participated in some degree. As a result, Williams was killed and Johnson stabbed. Appellant was charged with the murder of Williams and with assault with a deadly weapon (Pen. Code, § 245) on Johnson. After a jury trial, he was convicted of manslaughter in connection with Williams' death and of assault with a deadly weapon on Johnson. A motion for a new trial was denied; probation was denied; and appellant was sentenced to state prison, the sentences on the two counts to run concurrently.

He has appealed. We appointed counsel for appellant and also permitted the filing of a brief prepared by appellant himself.

I

After the affray, appellant ran away but was persuaded by a friend and by appellant's father to give himself up. As a result, and in the early hours of the morning after the affray, he surrendered at a police station. He made a statement to the police which was received in evidence against him. The statement then made varied, in important particulars, from the account which appellant gave when he testified at the trial, and the story given to the police was, in these respects, less favorable to his claim of self-defense. It is not contended that the statement made to the police was other than voluntary, as that term is used and understood with reference to the admissibility of confessions. However, there is no suggestion that he was ever advised that he need not give a statement, or that he was entitled to consult counsel before making a statement, or that the statement might be used against him at the trial. Under these circumstances, we are faced with the problem of whether or not the statement given to the police was inadmissible under the rule announced in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. If it falls within the exclusionary rule set forth in that case, the judgment, being based in part on an inadmissible confession or admission, must be reversed.

The Supreme Court, in *Dorado,* set forth four factors to be considered in determining the admissibility of a statement made by a defendant:

"(1) the investigation was no longer a general inquiry into an unsolved crime but had begun to focus on a particular suspect, (2) the suspect was in custody, (3) the authorities had carried out a process of interrogations that lent itself to eliciting incriminating statements, (4) the authorities had not effectively informed defendant of his right to counsel or of his absolute right to remain silent, and no evidence establishes that he had waived these rights." (*People* v. *Dorado,* 62 Cal.2d 338, 353-354 [42 Cal.Rptr. 169, 398 P.2d 361].)

Clearly, the first of these factors was present here; the problem is whether or not the circumstances under which appellant's statement was made fall within the other three factors set forth. In footnote number 8 to the opinion in the *Dorado* case, the court said: "The confession given in the following hypothetical situation put by the Attorney General is obviously admissible: 'What about the person who is not known as a suspect but wants to confess an unsolved crime?

... Shall the police stop him when he rushes into a police station and cries in distress that he wants to confess to a crime and tell him to be quiet until an attorney is obtained to represent him?' "

While, in the case before us, appellant was "known as a suspect" and the hypothetical case thus posed is not exactly in point, still we feel that that factor should not be controlling. Here, as in the hypothetical case, the person has gone voluntarily to the police, for the express purpose of making a statement about a crime. At the time he thus appeared he was not in custody, and his statement was not preceded by any "process of interrogations that lent itself to eliciting incriminating statements." None of the reasons for excluding confessions and admissions in *Dorado* and in the cases therein relied on are here present. The statement by appellant to the police was properly admitted at the trial of the present case.

## II

Appellant alleges various additional grounds for reversal. Since one of the grounds alleged, the failure of the trial court to properly instruct the jury, compels a reversal, this court need not consider any of the others.

Appellant specifically contends that the trial court committed reversible error in failing to instruct the jury relating to justifiable homicide, first in regard to "Ejection of Trespasser" (CALJIC No. 321-D), and second in regard to "Lawful Defense of Person" (CALJIC No. 321-B). Also, appellant contends that the trial court committed reversible error in failing to instruct the jury as to the time "When Trespasser Turns Aggressor" (CALJIC No. 321-E).

Under the evidence, the jury, especially had they been given the instruction last mentioned, might well have found that both Williams and Johnson were trespassers, and that decedent had made an unprovoked attack on Margaret Nixon—appellant's mistress. In this state of the record, we think that the three instructions referred to should have been given on the trial court's own motion, even though they were not requested by defense counsel. The rule is now well established that the trial court, whether requested or not, should instruct the jury on all general principles of law pertinent and necessary to rendering a verdict. (*People* v. *Stone* (1963) 213 Cal. App.2d 260 [28 Cal.Rptr. 522]; *People* v. *Hood* (1962) 199 Cal.App.2d 44 [18 Cal.Rptr. 351]; *People* v. *Mason* (1960) 183 Cal.App.2d 168 [6 Cal.Rptr. 649].)

In explaining the phrase "general principle of law," the

Supreme Court in *People* v. *Wade* (1959) 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116], stated that the phrase covers "... those principles of law commonly or closely and openly connected with the facts of the case before the court."

■ A clear reading of the reporter's transcript indicates that facts necessitating such instructions had been put into evidence during the trial.

■ The People contend that, even if such an instruction was required, failure to give it was not prejudicial to appellant. The reason given is that since an instruction regarding self-defense was given and the jury nevertheless found that appellant used excessive force in defense of his own person, the jury ipso facto would have had to find that appellant used excessive force in ejecting a trespasser. But this does not follow. Under the instructions given (and not herein questioned) on the issue of self-defense, the rights of appellant were affected by the jury's determination of whether or not he was the first to resort to the use of physical force, and, under the evidence, it may well have been that issue which the jury decided against him. But in cases where force is used to eject a trespasser, or to protect another, the fact that physical force is first used by the defendant against the other person is not controlling. Properly instructed on all the issues raised by the evidence, appellant's conduct might have been found excusable, even though not in self-defense.

The judgment is reversed.

Jefferson, J., concurred.