[Crim. No. 2342.    Fourth Dist., Div. One.    Nov. 16, 1966.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  RONALD
WAYNE  SMITH,  Defendant  and  Appellant.

John F. Ingro, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne I. Eisenberg, Deputy Attorney General, for Plaintiff and Respondent.

BROWN, P. J.—Ronald Wayne Smith appeals from a judgment of conviction entered upon a jury verdict of lewd and lascivious acts (Pen. Code, § 288).

On March 19, 1964, 13-year-old Marie Gabaldon accepted defendant's offer of a ride to a high school to pick up Marie's sister. According to Marie, defendant drove beyond the school, stopped on a dead-end dirt road, and raped her. Released, she cleaned herself up at a market restroom and returned home too afraid to tell anyone about the rape. She first told her mother about it six months later. On the date of the rape, Marie had just finished a seven-day menstrual period. At trial, on October 26, 1964, she claimed to be seven and one-half months pregnant.

Defendant contends Marie's testimony is inherently improbable and the evidence is insufficient to support the conviction. Neither is her testimony totally unworthy of belief, nor is her claimed conception just after finishing a menstrual period, although highly improbable, physically impossible. (*People* v. *Headlee*, 18 Cal.2d 266 [115 P.2d 427]; *People* v. *Penrice*, 195 Cal.App.2d 360 [15 Cal.Rptr. 733]; *People* v. *Carr*, 133 Cal.App.2d 783 [248 P.2d 977].) Marie's testimony

alone is sufficient to support the conviction. (*People* v. *Breeden*, 213 Cal.App.2d 343 [28 Cal.Rptr. 693]; *People* v. *Stampher*, 168 Cal.App.2d 579 [336 P.2d 207]; see *People* v. *Sylvia*, 54 Cal.2d 115 [4 Cal.Rptr. 509, 351 P.2d 781].)

Defendant asserts incompetent representation by counsel effected a denial of his right to counsel. Defendant complains of counsel's failure to call an expert witness, a gynecologist, to testify to the high improbability of conception; of counsel's refusal to subpoena defendant's employer's plant manager and a fellow employee, whose testimony purportedly would have buttressed defendant's defense, as revealed by his time card admitted into evidence, that he left work at 3:33 p.m., 20 miles from the location of the alleged rape. Marie testified the incident occurred about 3:20. An examination of the record shows counsel's failure to procure these witnesses did not reduce the trial to a farce or sham, as required for reversal (*People* v. *Ibarra*, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]; see *In re Rose*, 62 Cal.2d 384 [42 Cal.Rptr. 236, 398 P.2d 428]).

Defendant contends the trial court erroneously allowed the district attorney to introduce evidence of two other instances of defendant contributing to the delinquency of a minor. This evidence is that defendant in 1963 removed the clothing from the body and private parts of one minor girl and touched, rubbed and fondled the body of another minor girl. The Attorney General argues the evidence is admissible to prove the requisite lewd intent (Pen. Code, § 288). At trial, however, Marie described a rape which, if committed, sufficiently established lewd intent and precluded a defense based on innocent intent. The evidence, therefore, while adding nothing to the People's proof of intent, impressed upon the jury defendant's disposition toward committing criminal sexual acts. There was no justification for resorting to mere cumulative evidence the probative value of which was overwhelmingly outweighed by the prejudicial inference of criminal disposition. (*People* v. *Baskett*, 237 Cal.App.2d 712, 718 [47 Cal.Rptr. 274].)

The trial court's instruction (CALJIC 51) and the district attorney's lengthy comments on defendant's failure to take the stand violate *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], a decision which followed the trial here.

The prosecutor's comments included the following: ''Nobody can compel him to testify and this is good and

proper. We can be very thankful the Constitution is set up like this, but the law also allows for you to infer certain things from this lack of accepting this opportunity which he could have taken advantage of.

"Mr. Smith did not take the stand. You have the facts before you that he forcibly raped Marie Gabaldon, a girl of thirteen at the time and these are facts certainly within his knowledge and he did not take the stand to explain.

"You can infer therefrom that these things are true.

"It is common knowledge what happens during cross-examination, and you can infer from his lack of willingness to testify as to what would have been his reaction to these questions.

"We cannot ask him to get up and explain away Marie's pregnancy."

■ Upon an examination of the entire cause, including the evidence, we are of the opinion that it is reasonably probable a result more favorable to defendant would have resulted in the absence of the district attorney's zealous emphasis upon the defendant's failure to take the stand, the trial court's improper instruction, and the erroneous introduction of evidence the probative value of which was highly outweighed by the prejudicial inference of criminal disposition. (Cal. Const., art. VI, § 13, formerly § 4½; *People* v. *Bostick*, 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529] ; *People* v. *Watson*, 46 Cal.2d 818, 836-837 [299 P.2d 243].)

The judgment is reversed.

Coughlin, J., and Whelan, J., concurred.