[Crim. No. 12336.   Second Dist., Div. Two.   Sept. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOSE P. MIRANDA, Defendant and Appellant.

518

Lawrence William Steinberg for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert H. Francis, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Appellant was charged with the crime of committing a lewd and lascivious act upon the body of a child under the age of 14 years in violation of section 288 of the Penal Code. The information also charged appellant with a prior conviction of attempted rape. The judgment entered in the prior action referred to the crime of which appellant was convicted as "attempted statutory rape," it appearing that the victim of this offense also had been under the age of 18 years. After first urging the untenable contention that there was no such crime as "attempted *statutory* rape," appellant

admitted the prior conviction as alleged. No issue with respect to the former conviction is presented on this appeal.

At appellant's request the jury in the instant case was instructed that the lesser crime of annoying or molesting a child under the age of 18 years (Pen. Code, § 647a) was an offense necessarily included within that charged. The jury returned verdicts finding appellant guilty of both.

After denying his motion for a new trial, the court below suspended proceedings for the purpose of determining whether appellant was a mentally disordered sex offender. In due course the court found that he was not. Proceedings were again suspended and appellant was granted probation for a period of three years on the condition that he spend the first six months in the county jail. It was further ordered that this jail term was to run concurrently with that which had been imposed in another prior action wherein he had been convicted on a charge of sex perversion. This appeal, mistakenly taken from the judgment and sentence, will be treated as a legally permissible appeal from the order granting probation. (Pen. Code, § 1237.)

In addition to the prior conviction of rape charged in the information, the record before us reveals that prior to the instant offense appellant also was convicted of violating Penal Code section 288a (sex perversion) and probation was granted therein. At the probation and sentence hearing in the instant case, the court was required to consider whether or not the probation granted appellant in the former case should be terminated. The court made the following order thereon: "On that matter I find that probation has been violated. I will keep the same terms and conditions, except I am going to order one additional condition: that he serve six months in the County Jail, to be served concurrently with the terms of the probation here."

In addition to his appeal from the "judgment and sentence" in the principal case, appellant's notice of appeal is directed to "all other orders of the court." We cannot ascertain whether or not this ambiguous statement is intended to refer to the order modifying the terms of appellant's prior probation by reason of his conviction in the instant case, but since appellant makes no reference thereto in his briefs and we affirm the conviction and order made in the present case, it is apparent that appellant has no ground for complaint arising from the modification made in case No. 267845.

Appellant advances the following contentions: (1) that the evidence was insufficient to sustain the conviction; (2) that the prosecution was guilty of prejudicial misconduct in argument to the jury; (3) that the prosecution was guilty of improper redirect examination of the victim; (4) that evidence of the victim's complaints following the offense was improperly received; and (5) that the receipt of the "double verdict" was improper. We find no merit in any of these contentions.

No useful purpose would be served by an unduly extended or detailed recital of the evidence which is recorded in the comparatively voluminous record. Defendant did not testify nor did he call any witnesses in his own behalf. ▮ The incriminating evidence introduced by the prosecution is substantial, undisputed and without material conflict. It proved a course of conduct on the part of appellant constituting a classic example of the conduct condemned by Penal Code section 288.

At about 11 a.m. on July 1, 1965, Joyce K., 12 years old, was at Ganesha Park in Pomona with her sister Renee, age 8, and her brothers Timmy, age 11, Jimmy, age 6, and Dale, age 5. Approximately 15 minutes after arriving at the park Joyce K. first saw appellant, a man approximately 40 years of age, standing by the snack bar near the swimming pool. Joyce K., her sister and brothers then went to the "tree tunnel" area of the park where bushes had grown in such manner that they had tunnel-like apertures. At this point appellant approached Joyce K. and told her that her youngest brother Dale needed help to get down from the rock wall he was climbing. Joyce K. extended the help.

All then went to the swimming pool. Appellant, standing at this time outside the pool fence, saluted Joyce K. with "Hi." Appellant then joined Joyce K. at the pool and told her how to dive across the pool without coming up for air. When Joyce came out of the pool appellant lay down on the cement next to her. He asked whether she could climb a hill nearby and Joyce K. said she did not think so. Appellant said, "I betcha a quarter you can." After Joyce K. told him she was not supposed to bet, appellant offered to just give her the quarter. Joyce K. said that was the same as betting. During this conversation appellant asked and was told her name and address. He called her "Sweetheart" on several occasions.

Thereafter, Joyce K. and her siblings checked out a kickball, went to a lawn area and played kickball. Appellant

accompanied them, asking Joyce K. several times to hike in the hills. When her brother Timmy also begged her to go, Joyce K. agreed.

Appellant, Joyce K., her friend Joyce S., and Joyce K.'s brothers and sister proceeded to the tunnels formed by the bushes in a single line. Both Joyces wanted to be at the front of the line. Appellant, however, told Joyce K. to stay at the rear. To proceed through the 3½ foot high tunnel, Joyce K. had to bend over. While she was in this position appellant put his arms around her, interlocking his hands in the front of her body, and on two or three occasions made rubbing motions from her pelvic area, up to her breasts, and then back down again.

At the end of the tunnel the group proceeded in the same single file up the hill. Appellant again put his arms around Joyce K. and rubbed the front of her body from pelvic area to breast area three or four times. Joyce S. and Timmy both saw appellant continuing these actions.

After the group came down the hill Joyce K. told Joyce S. what appellant had done to her. She later also told Mrs. McIntire, who picked up the children at the park to take them home, about a man who had followed her around the park all day. At about 5:30 p.m. the same afternoon, Joyce K. told her mother about appellant and what had occurred in the park.

On July 15, police officers left a card at appellant's apartment requesting he contact them. Later that day appellant voluntarily came to the police station. The officers informed him a report had been filed charging him with molesting a child in Ganesha Park on July 1. Appellant denied the charges. Detective Azevedo advised appellant of his constitutional rights, and appellant stated he understood his rights and wished to cooperate. He then said he frequented the park and had been there on July 1 and met Joyce K. He denied any caressing of Joyce's body, but said they had gone hiking and he might have touched her to keep her from falling.

The evidence provides overwhelming support for the judgment. The victim's testimony alone would have been sufficient. (*People* v. *Sylvia*, 54 Cal.2d 115, 122 [4 Cal.Rptr. 509, 351 P.2d 781]; *People* v. *Breeden*, 213 Cal.App.2d 343, 344 [28 Cal.Rptr. 693].) Although not necessary to sustain the conviction, in the instant case appellant's conduct was observed by two of the other children and their testimony strongly corroborated that of the victim. In his voluntary statement appellant confirmed very significant aspects of the

incident, although he asserted that his touching of the child was without lewd or lascivious intent on his part.

Appellant stresses the fact that he and the girl were not alone at the time the lewd acts were committed. However, this is no more than an indirect presentation of the usual fallacious argument that in order to lessen the likelihood of apprehension, a "normal" person intending to molest a child would choose a more secluded locale than that selected by the particular accused. The weakness of this argument, of course, is apparent. Normal persons do not molest children in any locale. Those who do commit such acts yield to abnormal impulse and desire and characteristically pursue courses of conduct that appear irrational to the normal mind.

The only alleged misconduct of the prosecution during argument to which objection was made during trial was the following statement by the Deputy District Attorney: "In order for you to acquit this defendant I would hope that you would feel in your minds and hearts that if you ever saw Mr. Miranda again with children you could say, 'That's O.K. That is only Mr. Miranda with children,' and you could stamp it with a blue seal of approval." In sustaining this objection, the court took pains not only to advise the jury that statements of counsel were not to be considered as evidence but also to instruct them with respect to this specific comment that "you should not take [it] into account in determining the innocence or the guilt of the defendant." Presumably the jury followed this instruction.

We find no merit in the other assignments of misconduct, to which no objection was interposed below. Appellant's failure to object during the trial forecloses his complaining thereof on appeal. The evidence in the instant case definitely is not "closely balanced" nor is there "a grave doubt of defendant's guilt." Any potential impropriety could readily have been cured by admonition to the jury. (*People* v. *Lyons,* 50 Cal.2d 245, 262 [324 P.2d 556] ; *People* v. *Perez,* 58 Cal.2d 229, 247 [23 Cal.Rptr. 569, 373 P.2d 617, 3 A.L.R..3d 946].)

Appellant's contention that the prosecution erred in its redirect examination of the victim is frivolous. On cross-examination appellant's counsel, by a series of leading questions, was able to get the young victim to answer "yes" to a question which implied that the only time appellant put his arms around her was when he was "helping" her to prevent her sliding down the hill. Although perhaps unnecessary to the understanding of an intelligent jury, it was entirely

proper for the prosecution to re-examine the witness on this point to remove any erroneous impressions or inferences that might have arisen from her answers on cross-examination. (*People* v. *LaMacchia,* 41 Cal.2d 738, 749 [264 P.2d 15]; *People* v. *Penrice,* 195 Cal.App.2d 360, 364 [15 Cal.Rptr. 733].)

Similarly, appellant's contention that it was error to receive evidence of the victim's prompt complaints concerning appellant's conduct is unmeritorious. Testimony relating to "the alleged victim's statement of the nature of the offense and the identity of the asserted offender, without details, is proper." (*People* v. *Burton,* 55 Cal.2d 328, 351 [11 Cal.Rptr. 65, 359 P.2d 433]; *People* v. *Cordray,* 221 Cal.App.2d 589, 595 [34 Cal.Rptr. 588]; *People* v. *Jones,* 207 Cal.App.2d 415, 423 [24 Cal.Rptr. 601].)

We find equally untenable the contention that prejudicial error was committed when the trial court accepted and, pursuant to stipulation, ordered the recordation of the verdicts finding appellant guilty of both the greater crime with which he was charged and the necessarily included lesser offense. The logical consistency of the two verdicts, of course, is quite obvious.

Appellant's argument in support of this assignment of error betrays a basic misconception of the elements of necessarily included offenses and fails to recognize that a conviction of a greater crime always, and of logical necessity, implies a finding that the convicted person is guilty of all lesser and necessarily included offenses.

In relying upon language taken from such earlier decisions as *People* v. *Billingsley,* 161 Cal.App.2d 247 [326 P.2d 642], appellant also fails to recognize that the decision in *People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449], and other more recent decisions have served to eliminate previously existing confusion and have explicitly indicated the procedure to be followed in cases involving dual convictions and problems of double punishment. As the following quotation from *McFarland* (pp. 762-763) indicates, this decision emphasizes that it is double *punishment,* and not multiple *convictions,* which the law prohibits:

"With respect to the procedure to be followed on appeal where double punishment has been erroneously imposed, it should be stressed that section 654 proscribes double punishment, not double conviction; conduct giving rise to more than one offense within the meaning of the statute may result in

initial conviction of both crimes, only one of which, the more serious offense, may be punished. (*People* v. *Chessman,* 52 Cal.2d 467, 497 [341 P.2d 679].) The appropriate procedure, therefore, is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. (See *People* v. *Brown,* 200 Cal.App.2d 111, 118 [19 Cal.Rptr. 36].) It is true that there are cases which have, without qualification, reversed the 'judgment of conviction' as to the lesser count, thus apparently eliminating the effect of the judgment with respect to conviction as well as punishment. (See e.g., *People* v. *Brown,* 49 Cal.2d 577, 593-594 [320 P.2d 5]; *People* v. *Logan,* 41 Cal.2d 279, 291 [260 P.2d 20].) These cases, however, did not discuss whether the terms of section 654 are to be construed as requiring the setting aside of both conviction and punishment. The court in some of them, for example, *People v. Brown, supra,* 49 Cal.2d 577, 593, was concerned with the danger that the Adult Authority would consider the conviction of the lesser offense in fixing the punishment on the more serious crime. Such action by the Adult Authority would, of course, be improper, and nothing we have said as to the procedure to be followed should be interpreted as permitting it.

"Of the two offenses involved here, second degree burglary is the one subject to the greater punishment. (Pen. Code, §§ 461, 489.) Accordingly, it is necessary to reverse the judgment insofar as it relates to punishment for grand theft."

Manifestly, the present case presents no problem of double punishment. The proceedings having been suspended and appellant having been granted probation, no judgment has been entered nor has sentence been imposed. Moreover, the trial court expressly indicated familiarity with the provisions of Penal Code section 654 and the prohibition against double punishment. In the event it should become necessary to revoke appellant's probation, resume criminal proceedings and impose sentence, the judgment and sentence will convict and punish him only for the crime with which he was charged, the more serious crime of violating section 288 of the Penal Code.

Appellant's argument on this point also confuses the issue by its references to cases wherein the prosecution has proceeded upon the lesser charge prior to proceeding on the greater, or has sought and obtained a conviction on the lesser charge prior to obtaining a conviction on the greater. (Cf. *People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512] et seq.; *People* v. *Blue,* 161 Cal.App.2d 1 [326 P.2d 183]; *People* v. *Krupa,* 64 Cal.App.2d 592, 597 [149 P.2d 416] et seq.) How-

ever, the rule has long been established and consistently followed that when a defendant has been convicted of both the greater and lesser offenses in one proceeding, it is the conviction of the greater offense which is allowed to stand.

In the relatively early case of *People* v. *Degnen,* 70 Cal. App. 567 [234 P. 129], the court was presented with an instance where the defendant had been convicted of both assault and attempted rape on the same victim, both offenses having been committed by the same course of conduct. The court stated at page 578: " [I]t seems obvious that if appellant must go unpunished under either of the verdicts, it must be under the one finding him guilty of the lesser offense, not the one convicting him of the greater."

This holding in the *Degnen* decision was specifically cited with approval by the Supreme Court in *People* v. *Greer, supra,* 30 Cal.2d 589, 599. In the *Greer* case the appellant initially had been charged in separate counts of one information with violating Penal Code sections 288 and 261, subdivision (1), and Welfare and Institutions Code section 702. At his first trial the jury had failed to agree on the two Penal Code accusations but had convicted the defendant of a violation of section 702. The Supreme Court held that if the same acts were involved in the commission of the several crimes, then the prior conviction of the lesser and necessarily included offense would preclude a retrial for the greater offenses. The court stated at pages 598-599:

"The prosecution cannot avoid the consequences of a conviction of a necessarily included offense by charging the included offense in a separate count, on the theory that a conviction under such circumstances constitutes a conviction of a separate offense. Had the jury been properly charged, there would have been no disagreement as to the greater offenses. The jurors would have made their choice. If the jury had erroneously convicted defendant of *all three offenses in the same trial, it would have been necessary to reverse the conviction on the count involving the lesser offense.* (*People* v. *Degnen,* 70 Cal.App. 567, 578 [234 P. 129].)" (Italics added.)

In *People* v. *Chapman,* 81 Cal.App.2d 857, 866 [185 P.2d 424], the defendant was convicted in one proceeding of violating Penal Code sections 288 and 261, subdivision (1), and Welfare and Institutions Code section 702. The appellate court reversed the judgments convicting defendant of the lesser offenses involving sections 702 and 261, subdivision (1) but affirmed the judgment of conviction for the violation of

section 288. A similar disposition was made in *People* v. *Esposti,* 82 Cal.App.2d 76, 82 [185 P.2d 866].

In *People* v. *Ross,* 234 Cal.App.2d 758, 766 [44 Cal.Rptr. 722], a defendant was convicted and given concurrent sentences for committing rape and violating Penal Code section 288 upon the same victim in one transaction. The appellate court properly corrected the double punishment thus imposed in the following manner: "The judgment is reversed *insofar as it imposes a concurrent sentence* for the offense constituting a breach of section 288 of the Penal Code; *the judgment of conviction is otherwise affirmed.*" (Italics added.) The applicable rule was most recently stated and applied by the Supreme Court in *In re Wright,* 65 Cal.2d 650, 656 [56 Cal. Rptr. 110, 422 P.2d 998].

From the foregoing it is apparent that in the factual and procedural context here presented, the receipt and recordation of both verdicts constituted at worst a nonprejudicial irregularity and that appellant waived it by failing to voice any objection at the time the verdicts were returned and by stipulating to their recordation. (Cf. *People* v. *Lessard,* 58 Cal.2d 447, 452 [25 Cal.Rptr. 78, 375 P.2d 46]; *People* v. *Gonzales,* 187 Cal.App.2d 769, 772 [10 Cal.Rptr. 12]; and *People* v. *Caberera,* 104 Cal.App. 414, 415 [286 P. 176].)

If appellant felt that the jury had demonstrated any confusion in unnecessarily signing both verdict forms, it was incumbent upon him to register his objection thereto at the time the verdicts were returned. Both counsel were called to the bench as soon as the verdicts were handed to the court and in a brief discussion the court and the prosecution expressed their correct belief that the verdicts were not inconsistent since the finding of guilty of the greater offense automatically and necessarily implied a finding of guilt as to the lesser, and that only a potential double punishment problem was presented. Appellant's counsel voiced no objection nor any disagreement but by his silence tacitly agreed. After the jury had been polled at appellant's request, his counsel expressly stipulated the verdicts might be deemed recorded. The possibility of any irregularity or confusion on the part of the jury was suggested for the first time at the hearing upon appellant's motion for a new trial. Having theretofore consented to the receipt of both verdicts and to the discharge of the jury, appellant's delayed assertion of irregularity was patently tardy. No error was committed when it was rejected.

The order granting probation is affirmed.

Fleming, J., concurred.

ROTH, P. J.—I dissent.

The question is not one of double punishment.

In my opinion, the crucial error at bench is the failure of the trial court to instruct the jury that it could bring in only one verdict of guilty.

Respondent concedes the trial court properly should have instructed the jury that only one verdict could be returned if they found appellant guilty, but argues that appellant was not prejudiced by the court's failure so to instruct. I think that on the facts of this case failure to instruct the jury that it could bring in but one verdict, was prejudicial error. (*People* v. *Ross,* 67 Cal.2d 64, 73-74 [60 Cal.Rptr. 254, 429 P.2d 606]; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]; Cal. Const., art. VI, § 13; *People* v. *Failla,* 64 Cal.2d 560, 567 [51 Cal.Rptr. 103, 414 P.2d 39]; *People* v. *Bostick,* 62 Cal.2d 820, 826 [44 Cal.Rptr. 649, 402 P.2d 529].)

The trial court properly instructed the jury at appellant's request that Penal Code, section 647a, subd. (1), is an offense necessarily included in the charge made under Penal Code, section 288. (Witkin, Cal. Criminal Procedure (1963) pp. 486-487.) Penal Code, section 288 could not possibly have been violated, unless Penal Code, section 647a were concurrently violated. "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512] : *People* v. *Marshall,* 48 Cal.2d 394, 398 [309 P.2d 456]; Witkin, Cal. Crimes, pp. 200-201.)

Appellant, however, did not request and the court did not give an instruction to the jury that it could return a verdict finding defendant guilty of a violation of only one of the two crimes. The jury returned two verdicts finding appellant guilty of a violation of both. Witkin, California Criminal Procedure says at page 487, speaking in respect of the obligation of the court to give an instruction on an included lesser offense: "This is not, . . . one of the instructions which the judge must give on his own motion, without request . . . [citing authorities]."

At bench, however, appellant requested and the court did give the instruction on section 647a, subdivision (1), the lesser included offense.

In the recent case of *People* v. *Jenkins,* 232 Cal.App.2d 323, at 326 [42 Cal.Rptr. 654], the court said: "The rule is now well established that the trial court, whether requested or not, should instruct the jury on all general principles of law pertinent and necessary to rendering a verdict."

In *People* v. *Lewis,* 186 Cal.App.2d 585, at page 599 [9 Cal.Rptr. 263], the court says: "Under Penal Code, section 1127 the trial court must state to the jury all matters of law necessary for their information. (*People* v. *Wright,* 167 Cal. 1, 4 [138 P. 349] . . .)."

In *People* v. *Greer,* 30 Cal.2d 589, 603 [184 P.2d 512], a defendant was charged with and convicted of violations of Penal Code, sections 288 and 261, subdivision (1). The court held the same act cannot be punished twice, as statutory rape and as lewd and lascivious conduct under the prohibitions of Penal Code, section 654. The court stated that the prosecution may charge both crimes in the same information, but the jury must be instructed there can be only one verdict of guilty. The judgment was therefore reversed and a new trial ordered.

At bench, only one crime was charged, to wit: violation of Penal Code, section 288. However, Penal Code, section 647a is a necessarily included offense and the jury was so instructed, but the jury was not instructed as required by *Greer* ". . . there can be only one verdict of guilty."

In *People* v. *Billingsley,* 161 Cal.App.2d 247 [326 P.2d 642], a similar situation confronted the court. In *Billingsley,* the jury returned two verdicts finding each defendant involved guilty of both grand theft and robbery. The trial court then instructed the jury they could not find defendants guilty of both offenses and sent them back to the jury room with instructions to return only one verdict as to each. The jury thereafter found each defendant guilty of robbery.

On appeal, the court held the trial court's action was correct, and noted that ". . . this action was in defendants' favor as it gave the jury a chance to consider returning the lesser verdict." (*Billingsley, supra,* at page 252.)

*Billingsley* relies on *Greer.* The court said in *Greer* at pp. 603-604: "[S]tatutory rape committed upon the body of a child under 14 years of age can be punished as a lewd and lascivious act. It cannot, however, be punished twice, as statutory rape and as lewd and lascivious conduct." It further stated: "The prosecution may charge both crimes in the same information. The jury must be instructed, however, that, *as in the case of necessarily included offenses,* there can be only one verdict of guilty." (Italics added.)

In the recent case of *People* v. *Ross, supra,* the majority interpreting the harmless error rule with respect to a constitutional question, said at pages 73, 74: "In this connection, the meaning of the court's reference to errors which ' "might have contributed to the conviction" ' (*id.* at p. 23 [17 L.Ed.2d at p. 710]) becomes clear in the context of the entire opinion, since the court expressly stated that it sought 'a rule that will save the good in harmless-error practices while avoiding the bad.' (*Ibid.*) The court explained the 'good' which it wished to preserve by its formulation: Harmless error rules, the court said, 'serve a very useful purpose insofar as they block setting aside convictions for small errors or *defects that have little, if any, likelihood of having changed the result of the trial.*' (*Id.* at p. 22 [17 L.Ed.2d at p. 709]; italics added.) "

The record before us in respect of an actual violation of Penal Code, section 288, is not compelling. The jury did not have before it appellant's prior conviction so eloquently referred to by the majority. All the jury had were the statements of a girl, fully clothed, concerning molestation taking place, in complete daylight, and in the almost immediate presence of others, supported only by inferences which could be properly drawn from the surrounding circumstances and the complaints made by the girl to others.

A long line of cases in this state hold that procedural unfairness can result in a miscarriage of justice. The dissent to *Ross, supra,* points out at page 80: "In our own cases we have stated that ' [t]he fact that a record shows a defendant to be guilty of a crime does not necessarily determine that there has not been a miscarriage of justice.' (*People* v. *Mahoney,* 201 Cal. 618, 627 [258 P. 607] [disparaging comments by judge] ; see also *People* v. *Conley,* 64 Cal.2d 310, 319-320 [49 Cal.Rptr. 815, 411 P.2d 911] [right to jury trial on every significant issue] ; *People* v. *McKay,* 37 Cal.2d 792, 798-800 [236 P.2d 145] [unfair pretrial publicity] ; *People* v. *Sarazzawski,* 27 Cal.2d 7, 10-11 [161 P.2d 934] [various errors, causing denial of a fair trial] ; *People* v. *Patubo,* 9 Cal. 2d 537, 542-543 [71 P.2d 270, 113 A.L.R. 1303] [disparaging comments by judge] ; *People* v. *Muza,* 178 Cal.App.2d 901, 913-914 [3 Cal.Rptr. 395], cert. den. 369 U.S. 839 [7 L.Ed.2d 843, 82 S.Ct. 869] [remarks of trial judge] ; *People* v. *Duvernay,* 43 Cal.App.2d 823, 828-831 [111 P.2d 659] [misconduct of prosecution].) Similarly in *People* v. *Spencer,* 66 Cal.2d

158, 163 [57 Cal.Rptr. 163, 424 P.2d 715], the court, faced with a nonprejudicial confession under the rule of *People* v. *Cotter*, 63 Cal.2d 386, 398 [46 Cal.Rptr. 622, 405 P.2d 862], refused to rest 'affirmance of the judgment solely upon our evaluation of the minor effect of the defendant's confession upon the *jury*; we must still weigh its impact upon defendant's *trial.*' "

On the facts at bench I am convinced that had the jury been advised that only one verdict could be returned, there was a reasonable probability that a guilty verdict on only the lesser charge would have been returned.

I would reverse the order granting probation and remand the cause for a new trial.